## JIM STRIBBLING v. STATE.

No. A-6356.    Opinion Filed Dec. 10, 1928.
(272 Pac. 488.)

James H. Mathers and Thos. Norman, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Carter county on a charge of murder, and was sentenced to life imprisonment in the state penitentiary.

On December 23, 1925, defendant shot and killed one Charlie Collins. The evidence for the state is that defendant and the deceased had a quarrel on the streets of Ardmore. Soon thereafter defendant left for his home, some five or six miles northeast of Ardmore, and after a short time deceased also left for his home, which was in the same neighborhood. Some four miles northeast of Ardmore, defendant apparently had some trouble with his automobile by going into a ditch, and had stopped, and was at his car when deceased drove up in an automobile with several persons in it. Defendant required all the occupants of the car except deceased to get out, and he got on the running board, required deceased to drive down the road some two or three hundred yards, and there shot him with a pistol, causing immediate death. Counsel for defendant admit that the testimony of the state makes out a case of murder.

Defendant interposed a plea of self-defense, and his testimony is, in effect, that a state of bad feeling existed

between them; that deceased habitually went armed and had made threats against him; that on the day of the homicide and prior to the quarrel at Ardmore deceased had struck at him with a pocket knife; that defendant's car was stalled at the time deceased came up; that deceased covered him with a shotgun and forced him to get on the side of the car and accompany him; and that he shot in self-defense while deceased was endeavoring to shoot him with a shotgun. Various details are omitted in this brief summary. It was shown on cross-examination that defendant had previously been convicted of manslaughter and also of felonious assault. There are some inconsistencies in the testimony, both for the state and for the defendant, but, since the weight and credibility of the testimony is within the province of the jury, there is nothing in the evidence that calls for any interference by this court.

The only contention argued by defendant is that the court erred in his instructions Nos. 8, 10, 13, 14, and 15. The record discloses that, after the instructions had been read to the jury, counsel for defendant said: "The defendant excepts to instructions Nos. 6, 8, 9, 10, 13, 14, 15, and 17." Exceptions to instructions cannot properly be taken in this manner. The fifth subdivision of section 2687, Comp. St. 1921, is as follows:

"When the evidence is concluded, the attorneys for the prosecution may submit to the court written instructions. If the questions of law involved in the instructions are to be argued, the court shall direct the jury to withdraw during the argument, and after the argument, must settle the instructions, and may give or refuse any instructions asked, or may modify the same as he deems the law to be. Instructions refused shall be marked in writing by the judge; if modified, modification shall be shown in the instruction. When the instructions are thus settled, the jury, if sent out, shall be recalled and the court shall thereupon read the instruction to the jury."

See, also, section 2722, Comp. St. 1921.

It is the purpose of these sections to provide a manner of settling the instructions before they are read to the jury. It contemplates that the charge of the court shall be submitted to counsel, and that either party may then request instructions, and that the court shall either give in whole or in part, or refuse the same, and shall note and sign his action on the instruction. The court should submit the instructions to counsel without request, but, if he fails to do so, counsel should request that he be heard upon the instructions. In this manner the court is given an opportunity to correct any errors which may have been made in the instructions and to supply any deficiency requested by counsel, and, further, an opportunity is given the counsel for the state to join with the defendant in having corrected any error that may appear. To wait until the court has read the instructions to the jury and then to except in the manner shown here, without pointing out any claimed error or deficiency and without giving the court an opportunity to correct the instruction, is in effect to invite error, and unless the error is so fundamental in character as to have likely caused a miscarriage of justice, an exception taken in this manner is unavailing. Boutcher v. State, 4 Okla. Cr. 576, 111 P. 1006.

We have examined with care the instructions here complained of, and, while in several instances they are inaptly worded, they do not contain any fundamental error. No particular purpose would be served by setting out the instructions and discussing them separately.

The case is affirmed.

DOYLE, P. J., and DAVENPORT, J., concur.