## BILL RHODES v. STATE.

No. A-6390. Opinion Filed April 20, 1929.
(276 Pac. 698.)

Japp, Woodliff & Garrison and Madden & Hubbell, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

CHAPPELL, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Cotton county of having possession of intoxicating liquors with intent to sell, barter, give away, or otherwise dispose of the same, and sentenced to serve 90 days in the county jail and pay a fine of $100. The defendant was charged jointly with one W. A. Terrell. Terrell was found not guilty and the defendant Bill Rhodes was found guilty.

The defendant urges this court that this case be dis-

posed of upon the defendant's third, fourth, and fifth assignments of error, which are as follows:

"(3) Error of the court in overruling plaintiff in error's objection to the special jury panel summoned by the sheriff.

"(4) Error of the court in overruling plaintiff in error's motion to quash the special jury panel.

"(5) Error of the court in overruling plaintiff in error's motion to restore to him additional challenges which were exercised in eliminating from the jury the special jurors so summoned by the sheriff."

Section 2659, C. O. S. 1921, provides as follows:

"A challenge to the panel can be founded only on a material departure from the forms prescribed by law, in respect to the drawing and return of the jury, or on the intentional omission of the sheriff to summon one or more of the jurors drawn, from which the defendant has suffered material prejudice."

Section 2665, C. O. S. 1921, provides as follows:

"When the panel is formed from persons whose names are not drawn as jurors, a challenge may be taken to the panel on account of any bias of the officer who summoned them, which would be good ground of challenge to a juror. Such challenge must be made in the same form, and determined in the same manner as if made to a juror."

Section 3526, C. O. S. 1921, provides as follows:

"* * * A substantial compliance with the provisions of this chapter shall be sufficient to prevent the setting aside of any verdict rendered by a jury chosen hereunder, unless the irregularity in drawing and summoning or impaneling the same resulted in depriving a party litigant of some substantial right: Provided, however, that such irregularity must be specifically presented to the court at or before the time the jury is sworn to try the cause."

Section 2660, C. O. S. 1921, provides:

"A challenge to the panel must be taken before a jury is sworn, and must be in writing, specifying plainly and distinctly the facts constituting the ground of challenge."

This section of the statute provides the time and manner at which a challenge to the panel must be taken. Careful examination of the case-made does not show that any challenge in writing specifying the grounds of challenge was taken as required by this section. The case-made does reveal that the defendant saved his objections to the selection of a special panel by a bill of exceptions and sets out the objections and exceptions of defendant as follows:

"The defendants W. A. Terrell and Bill Rhodes objected to the action of the court in summoning said additional jurors for the reason that no necessity existed for summoning said jurors; said defendants requested and moved the court to direct the clerk and the sheriff to draw the names of additional jurors from the jury box and summons them as provided by law; said defendants objected to the order of the court directing the sheriff, C. O. Hooper, to summons additional jurors, for the reason that said sheriff, C. O. Hooper, was a material witness against the defendants and biased and prejudiced against them; said defendants objected to the order of the court directing that said special jurors be made a part of the regular panel; said defendants requested the court to exhaust the regular panel before using the special jurors; the defendants moved to quash special jurors, to wit, R. L. Harris and R. L. Fowler, when they were called upon the jury; the defendants moved the court to restore them the additional challenges which were exercised in eliminating from the jury the special jurors so summoned by the sheriff as aforesaid."

The motions contained in these exceptions were not reduced to writing and filed with the court as required by section 2660, C. O. S. 1921, and did not therefore properly present the question of the irregularity of im-

paneling the jury to the trial court for his action thereon.

In the case of Maddox v. State, 12 Okla. Cr. 462, 158 P. 883, this court held in paragraphs 3 and 4 of the syllabus:

"A substantial compliance with the forms provided for by law for drawing and serving jurors is sufficient."

"A challenge to the panel of jurors can be founded only on a material departure from the forms of law providing for drawing and summoning jurors, or the intentional omission of the sheriff to summon one or more of the jurors drawn; and to entitle a defendant to successfully challenge a panel of jurors, the burden is upon the defendant to show that the illegality or wrong which is the basis of such challenge is such as to have caused the defendant to suffer material prejudice."

In the case of Michael et al. v. State, 42 Okla. Cr. 124, 274 P. 900, this court said in the syllabus:

"The statutes of this state providing for the impaneling of jurors in criminal cases is not in all particulars mandatory. A substantial compliance will be sufficient, where the deviation is not material and has not prevented an accused from having a fair and impartial jury, selected by lot from the entire panel."

In the case of Carter v. State, 41 Okla. Cr. 253, 273 P. 376, in the body of the opinion this court said:

"An examination of the case-made shows that on October 5, 1925, what purports to be a demurrer to the information was filed in the clerk's office, which demurrer was unsigned, and is as follows: 'Comes now the defendant C. L. Carter and demurs to the information filed herein, on the ground and for the reason that said information wholly fails to allege a commission of an offense against the laws of the State of Oklahoma.'

"The record further shows that on October 5, 1925, in Criminal No. 1535, Charles Carter, Alias Jim McClure,

same being one of the regular days of the September term of the district court, the defendant was called for arraignment; defendant present in person and by counsel. County Attorney present for State. Defendant, now duly arraigned, waives time, waives reading of information; enters plea of not guilty. Copy of information served on defendant in open court. Bond fixed in the sum of $2,500. Section 2609, Comp. St. 1921, provides: 'The demurrer must be in writing, signed by either defendant or his counsel, and filed. It must distinctly specify the grounds of the objection to the indictment or information, or it must be disregarded.'

"As disclosed by the record, what is claimed to be a demurrer was not signed by either the defendant or his counsel, and does not comply with the requirements of the statute."

Section 2660, C. O. S. 1921, with respect to challenge of the jury panel, is very similar to section 2609, C. O. S. 1921, with respect to demurrer, and the same line of reasoning that would require the demurrer to be in writing and signed by the defendant would require also that the challenge to the panel or to the additional jurors summoned by the sheriff from the body of the county should be in writing and filed with the court before the jury was sworn. As disclosed by the record in the case at bar, what is claimed to be a challenge to the panel or a challenge to the extra jurors does not comply with the requirements of section 2660 and was insufficient to raise the question before the trial court and presents no question for review by this court.

In the case of Grisson v. State, 16 Okla. Cr., at page 571, 185 P. 452, it appeared that the defendant filed a motion in writing duly verified, challenging the special jurors summoned by the sheriff because the sheriff was a material witness for the state and prejudiced and biased against the defendant.

In the case of Koontz v. State, 10 Okla. Cr. 557, 139 P. 844 (Ann. Cas. 1916A, 689), in the body of the opinion the court says:

"Error is also assigned on the action of the court in overruling the objection of plaintiff in error to allowing R. L. Trammell, sheriff, to summon talesmen to serve on the jury; said objection being made by affidavit, on the ground that said sheriff was biased and prejudiced against said plaintiff in error, and on a challenge to the panel."

It thus appears that in most of the cases decided by this court touching the challenge to the panel the proceeding was by verified motion.

In the case of Maddox v. State, 12 Okla. Cr. 472, 158 P. 887, in the body of the opinion this court said:

"A challenge to the panel can only be founded upon a material departure from the directions of the law in respect to the drawing and returning of the jury, or the intentional misconduct of the sheriff in the matter of summoning the same, and it must be shown in the challenge that the defendant has suffered some material prejudice thereby."

The right given the defendant under sections 2659, 2665, C. O. S. 1921, is one which may be waived by the defendant and it will be held that he has waived such right where he fails to raise the question in the time and in the manner required by such section.

Since section 2660 requires the challenge to be taken before the jury is sworn and to be in writing, specifying plainly and distinctly the facts constituting the ground of challenge, and, it appearing from the record in the case that no such challenge was filed with the trial court, the defendant's third, fourth, and fifth grounds of error raise no question to be passed on by this court.

The evidence in the case shows the defendant to be guilty beyond a reasonable doubt, and, it not appearing

affirmatively from the record that the rights of the defendant were prejudiced by the manner of securing the jury, the cause is therefore affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.