## JACK NEWMAN v. STATE.

No. A-6680. Opinion Filed August 17, 1929.
(279 Pac. 980.)

138

H. S. Braucht and Jack Newman, for plaintiff in error.

Edwin Dabney, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

EDWARDS, P. J.   The plaintiff in error, hereinafter called defendant, was convicted in the district court of Kay county on a charge of robbery with firearms, and his punishment fixed at confinement in the state penitentiary for a term of 25 years.

Briefly stated, the record discloses that, on the day charged, the Uncas State Bank was entered by two men, who with firearms held up the employees and robbed the bank of something over $1,300.   Later one William Mack Carden was apprehended and pleaded guilty to the robbery and was sentenced to a term of 25 years in the state penitentiary. In this case he testified for the state. The substance of his testimony is that he (the defendant) and one Floyd Jarrett committed the robbery, that defendant drove the car, and that he and Jarrett entered the bank and committed the actual robbery.   His testimony further gives details of the planning of the robbery, the going to the scene, and the escape after the robbery.   The other evidence tending to connect defendant is that of Frank Frick, who testified, in substance, that he was across the street from the bank at the time of the robbery, saw a car drive up and two men get out and enter the bank and one remain in the car.   He could not identify defendant other than that he looked like one of the men.   Earl Anderson, another witness, testified that immediately after the robbery he saw a Ford car come down the street with three men in it.   He identified defendant as one of the men

he saw in the car. Defendant did not take the stand, but introduced several witnesses in support of his defense of alibi.

The first contention made is that the information is insufficient. A demurrer was interposed and an objection made to the introduction of evidence. The information properly charges the robbery of the Uncas State Bank by defendant, but it is argued that the charge is defective in not setting out the connection of Carden with the robbery, who is shown to be an accomplice. We know of no law or rule of pleading which would prevent the state from charging the crime of robbery against one participant in a conjoint robbery without alleging the connection of the other. No authority in support is called to our attention. Where an information alleges every element essential to charge the crime pleaded in plain, concise, and intelligible language, sufficient to apprise the defendant of the offense of which he is accused and what he must be prepared to meet, it is not defective for failure to allege the connection of some other person with the offense charged. There was no error in the overruling of the demurrer and the objection to the introduction of evidence.

Next it is claimed there was misconduct of the county attorney in asking improper questions and in his argument. Several decisions of this court are cited in support of the contention. Defendant's counsel state, however, that this misconduct is not assigned in the petition in error and is not properly before the court, but insist that counsel for the state so grossly disregarded the rule that this court should consider the contention although not assigned as error. We adhere to the rule frequently announced, that the county attorney should conform to

the issue as laid, that it is highly improper for him to persist in attempting to get before the jury inadmissible matters which might prejudice the jury against an accused, or in stating facts not in issue, or in arguing matters outside the record. A conviction will be set aside where the prosecuting attorney without reprimand persists in such tactics. We do not approve of all the things done by the county attorney in the record before us, but find no such flagrant deviation from the rule as would require a reversal, even if the error complained of were properly assigned in the petition in error. It is well settled, however, that an appeal is not a continuation of the old case, but is in the nature of a new suit brought in the appellate court to determine the issues raised in the petition in error, which is the pleading in the case and of which the transcript or case-made is the proof; that is, the petition in error is a formal written request addressed to the appellate court asking it to review alleged errors specifically pointed out, and the court is authorized to consider and determine only such questions as are presented by the petition, unless they are fundamental or jurisdictional. Morrison v. State, 7 Okla. Cr. 243, 123 Pac. 169; Dew v. State, 11 Okla. Cr. 581, 149 Pac. 917; Cardwell v. State, 20 Okla. Cr. 178, 201 Pac. 817; Signs v. State, 35 Okla. Cr. 410, 250 Pac. 938.

Lastly, complaint is made that the judgment is contrary to, and not supported by, the evidence, and that there is not sufficient corroboration of the testimony of Carden, the accomplice. The testimony is conflicting, as it generally is in the trial of a criminal case, but a conviction is to be reversed as not supported by sufficient evidence only in those cases where there is no substantial evidence from which the jury may reasonably and logically find the defendant guilty, or where the evidence is so weak

and uncertain that it conclusively appears to the court that the jury must have acted from partiality, passion, or prejudice. On the other hand, where the evidence is such that, if believed by the jury, they could reasonably find the guilt of the accused, this court will not disturb the judgment on the ground of insufficiency of the evidence. The statement of facts above set out, if believed by the jury, as it must have been, is amply sufficient to sustain the verdict and judgment.

The case is affirmed.

CHAPPELL, J., concurs.

DAVENPORT, J., absent, not participating.