### GLENN JORDAN v. STATE.

No. A-7386.   Opinion Filed June 28, 1930.
(290 Pac. 340.)

John T. Levergood, for plaintiff in error.

The Attorney General, for the State.

CHAPPELL, J.   The plaintiff in error, hereinafter called defendant, was convicted in the county court of Pottawatomie county of having unlawful possession of one and one-half gallons of whisky, and his punishment fixed at a fine of $500 and confinement in the county jail for a period of five months.

The evidence of the state was that the officers having a search warrant searched the premises of the defendant; that one officer went into the room where defend-

ant and his wife were, and that defendant ran out the back door with a quart jar of whisky in his hand and broke the same on a stone walk outside; the defendant's wife took a gallon jug of whisky out of the cabinet and broke it against the bedpost in the house; that in a search of the premises they found three five-gallon kegs back of the house and that there was a strong odor of whisky coming from these kegs, and they found in the cellar a half-gallon fruit jar with a quantity of whisky in the bottom of it and some mash on the floor, together with several 50-gallon barrels that had had mash in them. The affidavit and search warrant·being sufficient, this evidence was admissible, and the cause must be affirmed unless the errors complained of by defendant are sufficient to require a reversal.

The defendant contends that the court erred in overruling his motion to quash the jury panel. The record shows that by reason of the failure of jurors to respond to summons, and because certain jurors were excused, only eleven jurors remained on the regular panel, thereupon the court issued an open venire directed to the sheriff requiring him to summon sufficient additional jurors to complete the panel and directed the clerk to place the names of such jurors in the box to constitute part of the regular panel for that term of court. The defendant contends that the court had no right to issue a special venire until all the regular panel had been exhausted. This contention is without merit. The statute vests large discretion in the trial judge in the matter of summoning additional jurors. For a full discussion of this question, see Rhodes v. State, 42 Okla. Cr. 382, 276 Pac. 698.

Defendant further contends that it was error for the court to permit the sheriff to serve the open venire, but the record does not support this contention. The sheriff

took no part in the search or seizure and was not used as a witness in the case.

Defendant further complains that the court erred in giving his instructions to the jury. Defendant in his motion for new trial raised no question of erroneous instructions, and in his petition in error in this court he does not allege error in the giving of any instructions. The record therefore presents no question for this court. The evidence being sufficient to support the verdict of the jury and the errors of law complained of being without merit, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.