Ex parte JACK NEWMAN.

No. A-9728.   Oct. 3, 1939.

(94 P. 2d 556.)

Jack Newman, in person.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for the State and respondent.

DOYLE, P. J. Jack Newman filed in this court by mail his petition for writ of habeas corpus, directed to Jess F. Dunn, warden of the state penitentiary, wherein it is averred he is unlawfully held and illegally imprisoned by respondent, warden of the state penitentiary, under a commitment issued upon an unlawful judgment and sentence of the district court of Caddo county.

It is averred, as showing illegality of said imprisonment, that petitioner was convicted in said district court on information charging him, with the use of firearms, of having robbed the Gracemont State Bank, alleged to have been committed on or about February 21, 1924; that at this time and prior thereto the penalty provided for the said crime was that any person, or persons, convicted of said crime shall suffer punishment by death or by imprisonment in the state penitentiary for a period of time not less than 25 years (sec. 1, ch. 85, Session Laws 1923, 21 Okla. St. Ann. § 801 note, defining robbery, and fixing penalty therefor); that thereafter, after the crime was committed, for which petitioner was charged, tried and convicted, said act was amended by act approved April 7, 1925, 21 Okla. St. Ann. § 801, wherein it was provided that any person, or persons convicted of the crime of robbery with the use of firearms, "upon conviction therefor, shall suffer punishment by death, or imprisonment at hard labor, in the state penitentiary, for a period of time of not less than five years, at the discretion of the court, or the jury trying the same."

It is further averred:

"That during the procedure of the trial, the court, Will Linn, district judge of Caddo county, instructed the jury on the new and ex post facto law, which had been enacted by the state Legislature after the crime had been committed, and further instructed the jury to the effect that in case they found him guilty they could assess his punishment at imprisonment in the state penitentiary for five years, nor more than death in the electric chair, when as a matter of fact and law he had no jurisdiction or power to give such an instruction to the jury, and had no power, authority and jurisdiction to sentence him for any period of time other than that provided in the law and the statutes at the time the crime was alleged to have been committed."

A rule to show cause issued directed to said warden and made returnable September 28, 1939.

The Attorney General filed a response to said petition as follows:

"Comes now the respondent herein, and for answer to the petition of said Jack Newman, admits that he is holding the said Jack Newman in custody pursuant to commitment to serve the sentence imposed upon him by the district court of Caddo county, Okla., and that such term of imprisonment has not yet expired.

"Respondent would call attention of the court to the fact that petitioner appealed from such conviction to the Criminal Court of Appeals and that in said appeal the specific issue and question relied upon in the petition now filed herein was passed upon and decided adversely to the contentions of petitioner; said appeal being that of Henry Cornett, Jack Newman et al. v. State, 40 Okla. Cr. 172, 267 P. 869."

In the foregoing case the court held:

"Where the court in its instructions submits to the jury a smaller penalty for the offense than that prescribed by law, but of the same kind, and where the defendant does not call the attention of the court to, nor except to, the error in defining the punishment, and a smaller penalty is assessed by the jury, the error being beneficial to defendant, the defendant, upon appeal, will

not be heard to complain that such instruction is prejudicial. The error in such case is not reversible."

This court will also take judicial notice that said petitioner, Jack Newman, was convicted in the district court of Kay county on a charge of robbery of the Uncas State Bank, with firearms, and his punishment fixed at confinement in the state penitentiary for a term of 25 years; which judgment was affirmed August 17, 1929. Jack Newman v. State, 44 Okla. Cr. 137, 279 P. 980.

It is well settled that where petitioner is imprisoned under a judgment of conviction for crime, unless the court was without jurisdiction to render the particular judgment, and the judgment is void, and not merely voidable, relief cannot be had by habeas corpus, however numerous and gross may have been the errors committed during the trial, or in the proceedings preliminary thereto. Ex parte Hollingshead, 24 Okla. Cr. 131, 216 P. 486.

It follows that the writ should be denied, and the cause dismissed. It is so ordered.

BAREFOOT and DAVENPORT, JJ., concur.