EMIT GILES v. STATE.

No. A-9654.   July 17, 1940.
(104 P. 2d 975.)

John Steele Batson, of Marietta, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., and W. J. Monroe, Co. Atty., of Marietta, for defendant in error.

JONES, J. The defendant Emit Giles was by information filed in the district court of Love county, Okla., on October 19, 1938, charged with the murder of one George Rose; was convicted and sentenced to a term of life imprisonment in the state penitentiary at McAlester, and appeals to this court.

The defendant, Emmit Giles, in August, 1938, lived on a ranch about four miles northeast of the town of Marietta in a three-room shack. He and his wife had divorced a

few days before that time. The deceased, George Rose, was a neighbor who lived about one-quarter of a mile northeast of the defendant. The wife of the deceased had died a few weeks before that time, and the wife of the defendant had been doing the washing for the deceased since his wife's death. About August 7, 1938, the deceased was missed from his home. Later, on the 12th day of August, 1938, the sheriff, in company with several other persons including the defendant, found the deceased in a canyon about three-quarters of a mile northeast of the home of the deceased.

The proof showed that the defendant was jealous of the deceased over the attentions that he was paying to his wife and had made some threats towards deceased. On the day the body of deceased was found, the defendant endeavored to lead the sheriff and the posse in another direction away from where the body was hidden; and he made several contradictory statements concerning his relations with the deceased, which show evidence of guilt. The ballistics expert testified that a bullet fired from the defendant's gun caused the death of the deceased.

It is not necessary to give a review of the testimony, as no question is raised in this case concerning the sufficiency of the evidence to sustain the conviction.

The defendant, in his brief, urges three propositions for reversal of this case:

(1) Error of the trial court in failing to give an instruction on alibi.

(2) Error of the court in giving instruction No. 5.

(3) Actual bias of two of the jurors towards the defendant.

The first assignment is without merit. The deceased was not seen after the 7th day of August until his body

was found on the 12th day of August. The testimony of the defendant that he was there in the vicinity every day from the 6th day of August to the time the body was found. The correct rule of law, as recently announced by this court in the case of Gregg v. State, 69 Okla. Cr. 103, 101 P. 2d 289, 290, is as follows:

"To entitle the defense of alibi to consideration, the evidence must be such as to show that at the very time of the commission of the crime charged the accused was at another place so far away or under such circumstances that he could not, with ordinary exertion, have reached the place where the crime was committed so as to have participated in the commission thereof; and, in a criminal prosecution, unless the evidence fills this requirement of the law, no instruction on the subject of alibi is necessary to be given by the trial court." Barbe v. Territory, 16 Okla. 562, 86 P. 61.

In addition to this, the contention of the defendant cannot be sustained for several reasons. The defendant did not request an instruction on alibi. He did not either in his motion for a new trial or in his petition in error before this court raise this question; and, therefore, since no such assignment of error appears in the petition in error attached to the case-made, the defendant cannot expect this court to consider this question when raised for the first time in his brief. Jordan v. State, 48 Okla. Cr. 137, 290 P. 340; Newman v. State, 44 Okla. Cr. 137, 279 P. 980; Morrison v. State, 7 Okla. Cr. 242, 123 P. 169.

The defendant next contends that the court erred in the giving of instruction No. 5, which said instruction reads as follows:

"In this case, gentlemen of the jury, you are instructed that if you shall find and believe from the evidence, facts and circumstances admitted for your consideration, and beyond a reasonable doubt, that on or about the 7th day of August 1938, the defendant Emit Giles, did, unlawfully,

willfully, wrongfully and feloniously, and without authority of law and with a premeditated design to effect the death of one George Rose, make an assault in and upon the said George Rose with a certain weapon, a pistol, loaded with powder and bullets, then and there had and held in the hands of the said Emit Giles, and did then and there fire, shoot and discharge the said firearm, revolver and weapon at, into and upon the body and person of the said George Rose, thereby inflicting certain mortal wounds so inflicted as aforesaid, the said George Rose did on the 7th day of August, 1938, die, and that said Emit Giles then and there intended to so kill and murder the said George Rose, then and in that event it will be your duty to convict the defendant, Emit Giles, of murder as charged in the information.

"On the other hand, if you fail to find that the defendant, Emit Giles, killed the deceased, as charged in the information, or if upon the whole case and these instructions you entertain a reasonable doubt thereof, it will be your duty to return a verdict of not guilty in this case."

The defendant contends that the statement in the latter part of the instruction places the burden of proof on the defendant to prove his innocence and is an intimation by the court that he expects the jury to convict the defendant.

We cannot agree with this contention of the defendant. It might have been better form for the court to have couched the latter part of this instruction in different language from that with which it is written, but after a careful reading of the same, together with the other instructions which were given, we are unable to see how this instruction has prejudiced the defendant. As was said by this court in the recent case of Wilkins v. State, 70 Okla. Cr. 1, 104 P. 2d 289:

"Instructions must always be considered with the evidence in the case, and when they contain no fundamental

error nor any misstatement of the law which in the light of the evidence was calculated to mislead the jury to the injury of the defendant, and where the evidence clearly shows that the defendant is guilty, a conviction will not be reversed because the charge of the court may not be technically correct." Ostendorf v. State, 8 Okla. Cr. 360, 128 P. 143; Greenwood v. State, 51 Okla. Cr. 74, 299 P. 248.

There is another reason why this contention of the defendant cannot be sustained. The record shows that no exceptions to any instructions were taken until after they had been read to the jury. As was stated by this court in the case of Stribbling v. State, 41 Okla. Cr. 252, 272 P. 488:

"By the fifth subdivision of section 2687, and section 2722, Comp. St. 1921, sec. 3057 O. S. 1931, 22 Okla. St. Ann. § 831, and sec. 3079 O. S. 1931, 22 Okla. St. Ann. § 856, it is contemplated that instructions to the jury in a criminal case shall be settled before they are read to the jury, so that counsel, if they have any exceptions to the instructions of the court or desire any additional instructions, may point out their objections to the court and may submit additional instructions in order that the court shall have an opportunity to correct any errors which he may have made. And also to give counsel for the state an opportunity to join in requesting the correction of any error in the instructions. Where no exceptions to the instructions are taken until after they are read to the jury, such exceptions will be unavailing unless the errors are of a fundamental character."

Lastly, it is contended by the defendant that the court erred in not sustaining his motion for a new trial by reason of the actual bias of two of the jurors towards the defendant. In support of his motion for a new trial, the defendant introduced the evidence of certain witnesses that they had talked to the juror J. T. Roberts on the day the jury was impaneled, in which conversation the juror stated that he thought the defendant should be sent to the peni-

tentiary or the electric chair. The testimony concerning this conversation was contradicted by the juror and one other person.

The defendant in his motion for a new trial contended also that the juror Charlie McAnally was prejudiced towards the defendant; but no proof was presented to the court to sustain the allegation towards that juror.

The examination of the jurors on their voir dire is not included in the record, and this court cannot say what answers the jurors gave when examined as to their qualifications. As far as the record shows, no objection was made to the jurors or any one of them at the time they were called and examined as to their qualifications. The record fails to show that any of the jurors were questioned as to their bias or prejudice against the defendant.

In Horton v. State, 10 Okla. Cr. 294, 136 P. 177, this court held:

"Where a defendant accepts a juror without availing himself of the right to examine such juror on voir dire, or without availing himself of the right to challenge him for cause, he will not * * * be allowed to make the objection that the juror has formed and expressed an opinion adverse to him, as a ground for a new trial."

This court follows this doctrine in the latter cases of Dixon v. State, 56 Okla. Cr. 454, 42 P. 2d 286, and Vanderslice v. State, 59 Okla. Cr. 192, 57 P. 2d 267.

In Smith v. State, 19 Okla. Cr. 14, 197 P. 514, in the first paragraph of the syllabus, this court said:

"Where a new trial is asked for upon the grounds that a juror who served upon the jury was prejudiced against the defendant, which prejudice was unknown to the defendant prior to rendition of the verdict, to entitle the defendant to a new trial, it must not only be shown that the said juror was prejudiced, but it must also appear that

the defendant suffered an injustice by reason of the said juror having served upon the said jury."

A motion for a new trial is addressed to the sound discretion of the trial court; and unless it affirmatively appears from the record that the trial court abused this discretion, a new trial will not be granted.

The evidence as to the statement made by the juror the morning the jury was impaneled to try the defendant is conflicting. As a general rule the findings of the trial court upon an issue of fact, arising from evidence introduced on a motion for a new trial, will not be disturbed where there is any evidence reasonably tending to support such finding. There is ample evidence to support the finding of the trial judge that no actual bias of the juror is shown.

We have carefully examined the record in this case and all the assignments of error made by the defendant, and from the record it does not appear to us that there has been a manifest abuse of discretion in overruling the defendant's motion for a new trial. Under the evidence, no other verdict than the one given could reasonably have been expected.

There being no error in the record sufficient to warrant a reversal, the judgment of the district court of Love county is accordingly affirmed.

DOYLE, P. J., and BAREFOOT, J., concur.