Delmar Glen FINLEY, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–79–558.

Court of Criminal Appeals of Oklahoma.

Jan. 12, 1981.

_____

Amos E. Black III, Anadarko, for appellant.

Jan Eric Cartwright, Atty. Gen., Danny K. Shadid, Asst. Atty. Gen., Mark Liddell, Legal Intern, Oklahoma City, for appellee.

–OPINION–

CORNISH, Presiding Judge:

The appellant was convicted in the District Court of Grady County, Oklahoma, Case No. CRF–79–1, for the offense of Burglary of Automobile and was sentenced to two (2) years' imprisonment.

I.

First complained of on appeal is the trial court's failure to sustain the appellant's motion in limine and direct the district attorney not to elicit certain testimony from witnesses. This related to the appellant's firing a pistol into the air immediately after he had abandoned the commission of the crime charged.

 In *Shetsky v. State*, Okl.Cr., 290 P.2d 149 (1955), where evidence was introduced to show that a burglar when confronted by the police fired shots towards the officer, this Court stated:

> The flight and firing on the officers in a plainly marked police car would have a bearing on his consciousness of guilt. 290 P.2d, at 154.

Similarly, we think that the appellant's firing the pistol upon fleeing from the automobile shows a consciousness of guilt. In addition it establishes the criminal intent and identity of the appellant, which are exceptions to the rule barring the admissibility of evidence of other crimes. *Atnip v. State*, Okl.Cr., 564 P.2d 660 (1977).

The trial judge in Instruction No. 11 explained to the jury why he allowed the evidence of the shooting:

> You are further instructed that the court has permitted to go before you testimony relating to other alleged offenses than the one charged in this Information. In this regard, the court instructs you that you must not consider any evidence of or concerning any other alleged offense charged to have been committed by the defendant except insofar as it tends to prove that the defendant committed the offense charged in this case and you will not be justified in finding the defendant guilty in this case merely because you believe the evidence shows that he may have been guilty of some other offense. The court has allowed to be admitted for your consideration evidence regarding other alleged offenses for the purpose of showing a scheme or plan, if any existed, as unlawful intent or motive, if any, of,

to explain a particular course of action; and if you do not find that such evi[d]ence as may have been admitted on this subject tends to connect the defendant with the offense charged in this case, then it is your duty to disregard the same; for it does not matter how many other offenses the defendant may have committed, you must not find him guilty unless you are convinced by the evidence beyond a reasonable doubt that he is guilty of the offense charged in this case.

When viewed in this context, we find no prejudice to the appellant from the introduction of this testimony.

## II.

The appellant next alleges that the trial court committed reversible error in allowing the information to be amended during the trial and after the State had rested its case. The information charged the appellant with breaking and entering a 1973 Oldsmobile owned by and in the possession of Wayne Rowell. The evidence at trial showed the vehicle was loaned to and in the possession of one Ernest Ray on the evening in question. Therefore, the trial judge allowed the information to be amended to conform to the proof.

It is argued that the appellant was given no opportunity to re-examine his case in light of the amended information. The applicable statute is 22 O.S.1971, § 304, which provides:

An information may be amended in matter of substance or form at any time before the defendant pleads, without leave, and may be amended after plea on order of the court where the same can be done without material prejudice to the right of the defendant; no amendment shall cause any delay of the trial, unless for good cause shown by affidavit.

The issue then becomes whether permitting the State to amend the information created material prejudice to the appellant's rights.

On appeal in *Bowen v. State*, Okl.Cr., 497 P.2d 1094 (1972), the defendant similarly complained of error by the trial court in overruling his demurrer to the evidence and motion for a mistrial based on a defect in the information as to the owner of burglarized property. The information charged that the defendant had made a forcible entry through the roof and into the Edmond Medical Clinic, which building was under the control of Bill Barrett, with the intent to steal therefrom the property of the Edmond Medical Clinic. Based upon the evidence at trial, the court ordered the information amended, inserting the name "Bill Barrett" in lieu of the words "Edmond Medical Clinic," to read that the stolen property belonged to Barrett and not the medical clinic.

■ This Court noted in *Bowen v. State*, supra, that it is not error to amend the information in the matter of form or substance after the trial has begun where it can be done without material injury to the defendant. Relying in part on 22 O.S.1971, § 406,[1] we held that the amendment did not prejudice the defendant because the defect in the information was not material and there was sufficient certainty in the charge that the defendant was not surprised or otherwise prejudiced.

## III.

Complaint is next made regarding the trial court's Instruction No. 4, as being argumentative and invading the province of the jury. That instruction provides:

You are instructed that the Statutes of the State of Oklahoma provide that every person who breaks and enters any building or any part of any building, room, booth, tent, railroad car, automobile, truck, trailer, vessel or other structure or erection, in which any property is kept, or breaks into or forcibly opens, any coin operated or vending machine or device, with intent to steal any property therein

---

1. Title 22 O.S.1971, § 406 provides:
 When an offense involves the commission of, or an attempt to commit a private injury, and is described with sufficient certainty in other respects to identify the act, an erroneous allegation as to the person injured, or intended to be injured, is not material.

or to commit any felony, is guilty of Burglary in the Second Degree.

The breaking and entering necessary to constitute burglary may be by any act of physical force, however slight, by which obstruction to entering is forcibly removed and the opening of a closed door in order to enter an automobile may constitute a breaking.

■ The second portion of the instruction is an exact quotation from paragraph four of the syllabus in *Garruba v. State*, Okl.Cr., 473 P.2d 317 (1970), most recently followed in *Luker v. State*, Okl.Cr., 552 P.2d 715 (1976). We find this instruction is an accurate statement of the applicable law.

■ The record reflects that the appellant was found by the vehicle owner lying in the front seat and that the CB had been dislodged from the brackets and were loose on the floorboard. Further, on direct examination the appellant admitted that he opened the door on the driver's side to enter the vehicle. In light of these circumstances the first portion of Instruction No. 4 was likewise proper.[2]

### IV.

Next alleged as error is the trial court's oral explanation of the court's written instructions after their delivery to the jury. Specifically, it appears that the court orally amended Instruction No. 2 to state that the automobile was owned by Wayne Rowell and in the possession of Ernest Ray so as to conform to the amended information. The appellant argues that this material alteration of the written jury instructions confused the jury and constitutes a ground for granting a new trial.

The State counters by arguing that the oral correction and the interlineation in the written jury instructions were merely an effort to follow the rule set forth in *Baker*

*v. State*, Okl.Cr., 378 P.2d 785 (1963). We there said in the first paragraph of the syllabus:

1. The instructions of a court should conform to the charge in the information and the defense interposed, and to the testimony in the case.

■ In light of our previous finding that the information was properly amended, and there being no affirmative showing of prejudice to the appellant by the trial judge's correction of the written instructions to conform thereto, we find no error.

### V.

■ The trial court overruled the appellant's motion for mistrial due to improper argument by the prosecutor. On appeal our attention is directed to two specific instances of prejudicial statements:

Property and respect for property is a big deal, ladies and gentlemen; it just has to be. We can't live any other way. Grady County can't live with the attitude that property crime is no big deal.

The second instance of prosecutorial misconduct complained of occurred during the closing argument when reference was made to the tampering statute, a lesser included offense, as constituting a misstatement of the law:

. . . He tampered with a vehicle all right; I'll submit that the evidence is awfully clear on that point; but I'll submit that that is more appropriate for someone say 16 or 17 years old.

In passing we note that in both instances defense counsel's objection was sustained, and in Instructions No. 6, 7, and 10, the trial judge properly included tampering with a motor vehicle as a lesser included offense. As in several of the cases relied on by the

---

**2.** See *Gatlin v. State*, Okl.Cr., 553 P.2d 204 (1976), where the Court stated:

Instructions assuming a fact as to which there was no conflict in evidence is not erro-

neous as invading the province of the jury. *Bartell v. State*, 4 Okl.Cr. 135, 111 P. 669 and *Houston v. State*, 43 Okl.Cr. 181, 277 P. 687.

appellant,[3] the remarks were brief; the evidence of guilt was strong; and the appellant was given the minimum sentence. Further, it is well settled that both counsel for the state and the defendant have a right to discuss fully the evidence and inferences they may reasonably draw from the evidence with a considerable degree of latitude.[4] Having reviewed the entire record, we find that the complained of remarks by the prosecutor did not violate a substantial right of the appellant.

Finding no error justifying reversal or modification, the judgment and sentence is AFFIRMED.

BRETT and BUSSEY, JJ., concur.

---

3. *Chase v. State*, Okl.Cr., 541 P.2d 867 (1975); *Sizemore v. State*, Okl.Cr., 507 P.2d 1330 (1973).

4. *Frazier v. State*, Okl.Cr., 607 P.2d 709 (1980).