Michael R. FRANKS, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–84–283.

Court of Criminal Appeals of Oklahoma.

June 3, 1986.

E. Alvin Schay, Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., and Mary F. Williams, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

Michael R. Franks, appellant, was charged with Shooting with Intent to Kill and Robbery with Firearms in the District Court of Cleveland County, in Case No. CRF-83-522. The jury found appellant not guilty of Robbery with Firearms, but guilty of Shooting with Intent to Kill and appellant was sentenced to thirty (30) years imprisonment, and he appeals. We affirm.

On June 4, 1983, the victim, Trong Van Ly, met appellant, whom he knew only as "Mike," at a car wash and followed appellant back to his apartment. Subsequently, they left the apartment, stopped to eat something, and stopped at a shopping mall. At approximately 6:30 p.m., they left the shopping mall and drove to Lake Thunderbird. After arriving at the lake at approximately 7:00 p.m., the appellant shot Mr. Ly once and then four more times as he tried to flee. Mr. Ly was later found by a passing motorist and was transported to the hospital.

At the hospital, an undersheriff talked to Mr. Ly through an interpreter, and he identified his assailant only as "Mike." Later, the victim's brother called the undersheriff and described the vehicle that the assailant drove, and the brother and undersheriff drove to appellant's apartment complex where an automobile fitting the description given was parked. The undersheriff checked on the tag number and found that it was registered to appellant. Based upon this information, charges were filed against appellant, an arrest warrant was issued, and appellant was arrested.

At trial, appellant denied that he met Mr. Ly on June 4, 1983, and testified that he was at a pool party on the day of the shooting with thirty (30) people, fifteen (15) of whom were friends. However, none of these people were called at trial to corroborate appellant's testimony.

In his first assignment of error, appellant contends that the sentence imposed upon him is excessive. We disagree.

21 O.S.1981, § 652, provides in pertinent part:

> Every person who intentionally and wrongfully shoots another with any kind of firearm, with intent to kill any person, is punishable by imprisonment in the penitentiary not exceeding life.

Appellant's sentence of thirty (30) years imprisonment is clearly within the statutory range of punishment. Moreover, we have repeatedly held that the question of the excessiveness of punishment must be determined by a study of all the facts and circumstances in each case, and this Court does not have the power to modify a sen-

tence unless we can conscientiously say that under all facts and circumstances, the sentence is so excessive as to shock the conscience of the Court. *Baldwin v. State,* 596 P.2d 1269 (Okl.Cr.1979).

■ Considering the nature of the offense in this case and the fact that appellant shot the helpless victim five (5) times, we cannot find that the punishment imposed shocks the conscience of this Court.

The appellant next argues that the trial court committed fundamental error by failing to instruct the jury on the appellant's newly asserted defense of alibi, thereby depriving appellant of his right to due process of law under the Fifth and Fourteenth Amendments to the United States Constitution and under Article II, Section 7, of the Oklahoma Constitution.

■ Initially, we note that appellant failed to object to the instructions given at trial, and failed to request an instruction encompassing the defense of alibi. Therefore, this assignment of error was not properly preserved for review. *Stevenson v. State,* 637 P.2d 878 (Okl.Cr.1981).

■ Moreover, the only evidence presented at trial to substantiate appellant's newly asserted alibi defense was appellant's own testimony that during the evening hours on June 4, 1983, he was at the swimming pool at his apartment with thirty (30) people. However, none of these people were called at trial to testify in support of appellant's claim. In *Giles v. State,* 70 Okl.Cr. 72, 104 P.2d 975 (1940), this Court held that:

> To entitle the defense of alibi to consideration, the evidence must be such as to show that at the very time of the commission of the crime charged the accused was at another place so far away or under such circumstance that he could not, with ordinary exertion, have reached the place where the crime was committed so as to have participated in the commission thereof; and, in a criminal prosecution unless the evidence fills this requirement of the law, no instruction on the

subject of alibi is necessary to be given by the trial court.

■ Since appellant raises this defense for the first time on appeal, and fails to meet the test set forth in *Giles,* this assignment of error is without merit.

Accordingly, for the above and foregoing reasons, the judgment and sentence is AFFIRMED.

PARKS, P.J., specially concurs.

BRETT, J., concurs.

PARKS, Presiding Judge, specially concurring:

I am of the opinion that had trial counsel requested an instruction on an alibi defense, it would have been proper for the trial court to have granted his request.