Joe JAMES, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–84–714.

Court of Criminal Appeals of Oklahoma.

Jan. 21, 1987.

Susan McNaughton, Sp. Counsel, Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Terry J. Jenks, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

Joe James was convicted in Cleveland County District Court of Assault With Intent to Rape After Former Conviction of Two Felonies. Punishment was assessed at sixty (60) years imprisonment, and he appeals.

On July 13, 1983, while P.C. was jogging near her house at about 8:00 p.m., a man, she later identified as the appellant, who was driving a greenish two-tone truck, approached her and asked if she wanted a ride. She told the appellant that she did not need a ride. A few minutes later the appellant approached her again and asked if she wanted a ride. She again said that she did not and made a mental note of the tag number on the truck. P.C. proceeded to walk on past the truck when the appellant side-swiped her with his truck and knocked her into a ditch. The appellant then jumped out of his truck and landed on top of P.C. proceeding to beat her and fondle her about the chest. In an effort to free herself, P.C. managed to turn over on her hands and knees. The appellant then tore off her lower clothing and penetrated her vagina with his middle finger. Eventually, P.C. was able to knock the appellant off of her and escape to her neighbor's house where she and her neighbor phoned the police sometime around 8:15 p.m. that evening. Robert Blair, a deputy for the Cleveland County Sheriff's Office, responded to the call. He found P.C. in a state of hysteria and noticed that she was dirty and had grass seeds in her hair. He was able to locate the appellant the next morning using the description and tag number of the truck P.C. had given him. He also noted that the appellant had the same physical description P.C. had given of her attacker. The appellant was later arrested and taken into custody. Wanda Eaton, an employee at the Twelve Corner Store, which was in the vicinity of where the attack took place, testified that the appellant entered the store between 8:00 and 8:15 p.m. on the night of the attack to purchase a six-pack of beer.

The appellant contends that on July 13, 1983, between 7:45 and 9:00 p.m. he was watching television and discussing family matters with Connie Boles and her husband at the Boles' residence which is about a twenty to thirty minute drive from the attack location.

■ The appellant first asserts that the evidence admitted at trial of the Norman Transcript TV page offered in rebuttal to impeach the credibility of alibi defense witness, Connie Boles, is irrelevant and prejudicial.

We first note that the appellant has identified the correct test for relevancy: "whether the evidence has any tendency to

make more or less probable a material fact in issue." *Kennedy v. State*, 640 P.2d 971, 978 (Okl.Cr.1982). However, we cannot agree that the evidence here fails to meet this test. In this case, defense witness, Connie Boles, testified that the appellant was at her house in Noble from 7:45 to 9:10 p.m. on July 13, 1983. She further stated that she had kept track of the time because her favorite TV shows Fall Guy and Dynasty were airing that night on channel five. In rebuttal, the prosecution introduced the TV page from the July 13, 1983, issue of the Norman Transcript which indicated that the Fall Guy and Dynasty were not shown that night. Appellant claims that the programming viewed on the Boles' TV set is different from that previewed in the Norman Transcript because the Boles have cable TV. We believe the evidence in this case is relevant, bearing on the issue of the credibility of the alibi witness, and that its probative value outweighs any prejudicial effect it may present. This assignment of error is without merit.

▮ Appellant next alleges that the Assistant District Attorney's impeachment of alibi defense witness, Connie Boles, was improper and constituted fundamental error when he asked her why she did not go to the Sheriff's Office to report the appellant's whereabouts on the night in question and when additional questions were asked concerning her husband's absence at trial. However, no objection was made to the comments at trial, thereby, waiving any error not of fundamental magnitude. *Hollan v. State*, 676 P.2d 861, 865 (Okl.Cr. 1984). After carefully reviewing the trial record, we find no fundamental error in the District Attorney's comments. Therefore, this assignment of error has no merit.

▮ In his third assignment of error, the appellant asserts that he was denied his fundamental right to have an instruction given regarding his defense of alibi.

We first observe that the record does not reflect that the appellant requested such an instruction; therefore, any error was waived. *Maghe v. State*, 620 P.2d 433 (Okl.

Cr.1980). Moreover, this Court has held that:

> To entitle the defense of alibi to consideration, the evidence must be such as to show that at the very time of the commission of the crime charged the accused was at another place so far away or under such circumstances that he could not, with ordinary exertion, have reached the place where the crime was committed so as to have participated in the commission thereof; and, in a criminal prosecution, unless the evidence fills this requirement of the law, no instruction on the subject of alibi is necessary to be given by the trial court.

*Giles v. State*, 70 Okl.Cr. 72, 104 P.2d 975, 977 (1940). In the instant case, the appellant's wife testified that the Twelve Corners Grocery Store, which is one and one-fourth miles from the scene of the attack according to P.C.'s testimony, is a twelve to fourteen mile drive from alibi defense witness, Connie Boles' house. Wanda Eaton, an employee at the Twelve Corner Store, testified that the appellant was in the store between 8:00 and 8:15 p.m. on the night in question. P.C. testified that the attack occurred at approximately 8:00 p.m. on July 13, 1983. Since the appellant was positively identified as the alleged attacker and there is corroborating testimony sufficient to place him within the vicinity of the attack at the approximate time of its occurrence, this assignment of error has no merit.

▮ Appellant next asserts that the State failed to meet its burden of proof in establishing the appellant's prior convictions. We disagree.

We have previously held that in absence of rebutting evidence, copies of judgments and sentences entered in other criminal prosecutions with the name of the defendant appearing thereon could have supported a finding that there had been former convictions. *Tucker v. State*, 620 P.2d 1314, 1317 (Okl.Cr.1980). In the instant case, although the appellant does not have the same name as the one appearing on the judgment and sentence copies, there is suf-

ficient corroborating evidence to show that he is indeed the same person. The appellant's finger prints, according to identification specialist Larry Peters, matched those of the individual named in the judgment and sentence certificates. The certificates indicated that the appellant had been represented by counsel, specified the number of years sentenced, and there is no evidence of any pending appeals on either of these convictions. This assignment of error has no merit.

The appellant's fifth assignment of error asserts that the State's failure to corroborate P.C.'s testimony and the court's failure to instruct the jury on the necessity of this corroboration constitutes fundamental error. Initially we note that appellant did not object to the instructions given and failed to prepare and present to the court the requested jury instructions. His failure to object to the actual jury instructions given by the court constitutes a waiver and no reversible error exists so long as the instructions generally cover the subject matter of inquiry and there is no fundamental error. *Maghe v. State*, 620 P.2d 433 (Okl.Cr.1980). We find that the jury instructions were sufficient, and no error exists.

Moreover, in the instant case, P.C.'s testimony concerning the description and tag number of the attacker's truck matched the truck driven by the appellant. Also, Debbie Scott, a neighbor of P.C.'s, testified that when P.C. arrived at her house shortly after the incident, P.C.'s hair was tangled and she had stickers all over her clothes. She also said P.C. was breathing very hard and had a red complexion. Robert Blair, a deputy for the Cleveland County Sheriff's Office, testified that during his first contact with P.C. she was hysterical and difficult to communicate with. He further stated that she appeared dirty and had grass seeds in her hair. A photographic exhibit of P.C.'s back, revealing the presence of superficial abrasions, was also admitted at trial. After carefully examining the record we are of the opinion that the testimony is not inconsistent, incredible or contradictory. *Holmes v. State*, 505 P.2d 189, 191 (Okl.Cr.1972). For these reasons this assignment of error is without merit.

In his final assignment of error the appellant asserts that he was prejudiced by remarks made by the Assistant District Attorney during his closing argument in the second stage of his trial. However, no objections were made at trial to the comments. Therefore, all error, except that of fundamental stature, has been waived for appellate review. *Miller v. State*, 675 P.2d 453, 455 (Okl.Cr.1984). Further, it is well settled that both counsel for the State and the defendant have a right to discuss fully the evidence and inferences they may reasonably draw from the evidence with a considerable degree of latitude. *Finley v. State*, 623 P.2d 1031, 1035 (Okl.Cr.1981). After carefully reviewing the record we find that the complained of remarks by the Assistant District Attorney did not violate any fundamental right of the appellant. For the above reasons this assignment of error has no merit.

Finding no error warranting reversal or modification, judgment and sentence is AFFIRMED.

BRETT, P.J., concurs.

PARKS, J., concurs in results.