Maurice STEWART, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–85–658.

Court of Criminal Appeals of Oklahoma.

Feb. 24, 1988.

David Autry, Asst. Appellate Public Defender, Norman, for appellant.

Robert H. Henry, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Maurice Stewart, was tried and convicted in the District Court of Creek County of the crime of Robbery With a Firearm in Case No. CRF–84–84 and was sentenced to five (5) years imprisonment, and he appeals.

The facts of this case are set forth in *Pickens v. State*, — O.B.J. ——, 751 P.2d 742 (Okl.Cr.1988).

For his first assignment of error appellant asserts that the trial court abused its discretion in allowing the admission of evidence regarding the Tulsa County robbery. We reject this contention for the same reasons set forth in *Pickens.*

Appellant next alleges that statements made by Deputy Harrison were evidentiary harpoons and prejudiced his right to a fair trial. This same assignment was also rejected in *Pickens.*

■ In his third assignment of error appellant claims that the trial court committed fundamental error by failing to give an alibi instruction conforming with his theory of the case. We first observe that since appellant failed to object to the instructions given or request an alibi instruction, this assignment was waived. *Shietze v. State*, 724 P.2d 262 (Okl.Cr.1986). Moreover, we find that appellant was not entitled to an alibi instruction. *See Franks v. State*, 719 P.2d 1292 (Okl.Cr.1986). This assignment is meritless.

■ Appellant's fourth assignment of error is that the trial court abused its discretion in failing to allow the jury to re-examine his testimony after they requested to do so. Approximately one hour and forty minutes after deliberations began, the jury sent a note to the trial judge requesting that appellant's testimony be read back to them. Defense counsel urged the judge to comply with the request, but the trial judge sent the jurors a note which informed them that he could not allow them to review appellant's testimony. The decision to permit or refuse a jury request to rehear testimony lies with the trial court. *Givens v. State*, 705 P.2d 1139, 1140–1141 (Okl.Cr. 1985). Finding no abuse of discretion, this contention is without merit.

■ In his fifth assignment of error appellant contends that he was prejudiced by the State's closing argument in that the prosecutor bolstered the credibility of the police witnesses and called appellant untruthful. However, the failure to contemporaneously object to the alleged erroneous remarks waived all error not of a fundamental nature. *Binder v. State*, 717 P.2d 1143 (Okl.Cr.1986). We have reviewed the comments and find that the comments were within the liberal range of speech granted to both sides during closing argument. *Frazier v. State*, 607 P.2d 709, 711 (Okl.Cr. 1980). Consequently, we find no error.

Appellant finally urges that the cumulative effect of the errors occurring at trial mandates that this case be remanded for a new trial or that the sentence be modified. This Court has held numerous times that where there is no individual error there can be no error by accumulation. *Master v. State*, 702 P.2d 375, 381–82 (Okl.Cr.1985).

The judgment and sentence is AFFIRMED.

BRETT, P.J., concurs in results.

PARKS, J., dissents.

PARKS, Judge, dissenting:

I adopt my dissenting opinion in the companion case of *Pickens v. State*, 751 P.2d 742 (Okl.Cr.1988), and further comment on the misconduct of the prosecutor.

During closing argument, the prosecutor made several comments bolstering the

credibility of his own witnesses and claiming that the appellant was a liar:

> MR. NELSON: I submit to you, ladies and gentlemen, there's only one logical interpretation of the facts and that is that the officers told you the truth.

> However, ladies and gentlemen, I ask you why would these officers lie to deceive ... I believe it's preposterous for these officers to make up this story.

> I submit to you that today, he [Stewart] didn't tell you the truth ... I submit to you he was deceiving you when he said he had not left the car ... I suggest to you that each are trying to deceive you, to play upon your mercies.

These statements are clearly expressions of personal belief and opinion regarding the truth or falsity of testimony, and are a direct violation of Section 3–5.8(b) of *The ABA Standards for Criminal Justice, The Prosecutor's Function*, (1980). These standards maintain:

> (b) It is unprofessional conduct for the prosecutor to express his or her personal belief or opinion as to the truth or falsity of any testimony or evidence or the guilt of the defendant.

The Oklahoma Code of Professional Responsibility, DR 7–106(C) also forbids an attorney from stating his opinion as to the credibility of witnesses.

These unwarranted remarks constituted an improper attack on the appellant's credibility, and at the same time, bolstered the credibility of the State's witnesses. This Court "cannot and will not tolerate officers of the court engaging in such conduct." *Bechtel v. State*, 783 P.2d 559 (Okl.Cr.1987) (Parks, J., Specially Concurring).

On the basis of the forgoing, I dissent.