## CAESAR A. MORRISON. v. STATE.

No. A-1195. Opinion Filed April 25, 1912.

(123 Pac. 169.)

1. APPEAL—Objections Waived. It is essential that all points upon which counsel rely for the reversal of a cause be presented to the court in the brief or oral argument, and when not so presented they are waived. It is not enough to assert in general terms in a brief or oral argument that a ruling of the trial court is wrong. A fair effort must be made to prove that it is wrong, or the point will not be considered as having been made.

2. SAME—Review. Except in cases of the gravest character, this court will not examine any record for errors not presented by a brief or oral argument other than those which are jurisdictional.

3. SAME—Petition in Error—Definition. Only those questions are brought up on appeal which are included in the petition in error. A petition in error is a formal written request addressed to the

Opinion of the Court.

appellate court asking it to review alleged errors which it specifically points out. This court does not try cases de novo. We are only authorized to consider and decide such questions as are presented to us by the petition in error, unless they are jurisdictional.

4. **SAME—Record.** An appeal by petition in error is not a continuation of the old case. It is in the nature of a new suit brought to the appellate court to determine the issues stated in the petition in error. The petition in error is the pleading. The transcript of the record or case-made is the proof. They must correspond with each other.

5. **SAME—Review—Petition in Error.** For a petition in error which fails to present the issues argued by counsel, see opinion.

(Syllabus by the Court.)

*Appeal from District Court, Muskogee County;*
*R. P. De Graffenreid, Judge.*

Caesar A. Morrison was convicted of embezzlement, and appeals. Affirmed.

*W. G. Robertson,* for appellant.

*Smith C. Matson,* Asst. Atty. Gen., for the State.

FURMAN, P. J. In this case no brief was filed in behalf of appellant, but counsel appeared when the cause was submitted, and made an oral argument in behalf of his client. Only one question was discussed in the oral argument, and that was as to the sufficiency of the information. Where counsel prosecute an appeal, it is their duty to present the questions upon which they rely for a reversal.

Except in cases of the gravest character, this court will not examine the record for errors not presented by brief or oral argument other than those which are jurisdictional. In the case of *Price v. State,* 5 Okla. Cr. 148, 113 Pac. 1061, will be found an enumeration of the decisions in this state upon this subject.

"It is essential that all points upon which counsel rely for a reversal of a cause be made in the brief, and properly made. If not so made, they are waived. It is not enough to assert in general terms that a ruling of the trial court is wrong. A fair effort must be made to prove that it is wrong, or the point will not be considered as having been made." (*Allison v. Bryan,*

26 Okla. 520, 109 Pac. 934, 30 L. R. A. [N. S.] 146, 138 Am. St. Rep. 988.)

In order that justice may be done, this court, where no briefs have been filed, permits counsel to make an oral argument when a case is reached for submission, but in such instances we will only consider those questions discussed in such oral argument and to which the state has been given opportunity to reply. We will therefore confine our investigation and discussion of this case to the sufficiency of the information, as this was the only question presented by counsel for appellant in his oral argument.

In the trial court counsel demurred to the information, which demurrer was by the court overruled and to which an exception was reserved, but we cannot consider this demurrer or the ruling of the court thereon because it is not complained of in the petition in error filed in this court. Only those questions are brought up on appeal which are complained of in the petition in error. See *Walker v. State*, 6 Okla. Cr. 370, 118 Pac. 1005; *State v. Chapman*, 1 S. D. 414, 47 N. W. 411, 10 L. R. A. 432; *State v. Lee*, 65 Conn. 265, 30 Atl. 1110, 27 L. R. A. 498, 48 Am. St. Rep. 202.

Section 6951, Comp. Laws 1909, among other things, provides:

"The plaintiff in error shall file with the petition in error a transcript of the proceedings, containing the final judgment or order sought to be reversed, vacated or modified, or the original case-made, as hereinafter provided, or a copy thereof. The plaintiff in error shall attach to and file with the petition in error the original case-made, filed in the court below, or a certified transcript of the record in said court."

A case-made or transcript of the record, unless accompanied by a petition in error, will not present any question for our determination. A petition in error, unless accompanied by a transcript of the record or case-made, will be equally abortive in securing a decision by this court as to any question contained therein. The office of a petition in error is to bring to the appellate court the questions which the appellant desires to have decided. The office

of a transcript of the record or case-made is to present to the court in a properly verified manner the facts upon which the questions incorporated in the petition in error depend.

A petition in error is a formal written request addressed to the appellate court asking it to review the alleged errors which it specifically points out. This court does not try cases *de novo*. We only consider such questions as are submitted to us by the petition in error. An appeal by petition in error is not a continuation of the old case. It is in the nature of a new suit brought to the appellate court to determine the issues stated in the petition in error. The petition in error is the pleading. The transcript of the record or case-made is the proof. They must correspond with each other. We think that the method of taking an appeal might be greatly simplified, but this court is not a forum for legislation, and must follow the rules of practice prescribed by the lawmaking power.

The petition in error in this case is as follows:

"Now comes Caesar A. Morrison, plaintiff in error, and says: That he was tried in the district court of Muskogee county, state of Oklahoma, on a charge of embezzlement, and on March 4, 1911, sentenced to serve a term in the penitentiary of two years from that date. That in the proceedings prior to and in the verdict and judgment of the court certain errors prejudicial to plaintiff in error were admitted, which errors are assigned herewith as follows, to wit:

"First. Because the court erred in admitting incompetent and irrelevant evidence on the part of the state over the objection of the defendant, to which ruling of the court the defendant at the time excepted.

"Second. Because the court erred in admitting evidence on the part of the state, to wit, the purported report which the state claimed had been filed by the defendant in the probate court of Muskogee county, showing the administration of the estate by defendantant as guardian from the ———— day of ————, 1903, to the 28th day of December, 1908.

"Third. Because the court erred in permitting the state to read as evidence on the part of the state in this cause certain typewritten paragraphs in a book, claimed to be the record of the county court of Muskogee county, and did not require the state to introduce said record, nor was the same introduced by the state,

but to certain paragraphs written in said book that was not authenticated: or signed by the judge of the county court, or verified by the clerk of said court, to the introduction of which the defendant at the time objected, which objection was by the court overruled, to which the defendant at the time excepted.

"Fourth. Because the court erred in permitting the state to prosecute said cause to a final hearing without reading to the jury the information in said cause.

"Fifth. Because the court erred in overruling the defendant's motion at the close of the evidence on part of the state for peremptory instructions to the jury directing them to return a verdict of not guilty, to which ruling of the court the defendant at the time excepted.

"Sixth. Because the court erred in giving instruction No. 2 asked on the part of the state, which instruction is copied in the case-made, to the giving of which the defendant at the time excepted.

"Seventh. Because the court erred in giving instruction No. 3 asked for on the part of the state (see instruction in record of the case-made), to the giving of which the defendant at the time excepted.

"Eighth. Because the court erred in giving instruction No. 4, copied in case-made, to the giving of which the defendant at the time excepted.

"Ninth. Because the court erred in refusing instruction No. 7 on the part of the defendant, which instruction is copied in the record of the case-made in this cause, to which ruling of the court in refusing said instruction No. 7 the defendant then and there at the time duly excepted.

"Tenth. Because the court erred in refusing instruction No. 8 asked on the part of the defendant, which instruction is copied in the record of the case-made, the refusal of which the defendant at the time excepted.

"Eleventh. Because the court erred in furnishing the jury with the form of verdict of guilty, and no form for the jury to sign did they find the defendant innocent.

"Twelfth. Because the verdict of the jury is not supported by the evidence on the part of the state in this cause.

"Thirteenth. Because the court erred in refusing to give an instruction to the jury defining the punishment for the crime of embezzlement.

"Fourteenth. Because the verdict of the jury is contrary to the law and the evidence.

"Wherefore, plaintiff in error asks that a writ of error be issued to the district court of Muskogee county, state of Oklahoma, that the errors complained of herein may be corrected, and the case be reversed. A copy of the case-made is attached hereto and made a part of this petition in error."

An inspection of the petition in error fails to show that the sufficiency of the information is brought up for our consideration. We therefore cannot consider the argument made by counsel for appellant because the question discussed is not before us. All that we can do is to inspect the record and see whether or not it contains any jurisdictional defects. In substance and effect the information charged that on the ———— day of December, 1907, the appellant was then and there the duly and legally appointed guardian of the person and estate of Joseph E. Morrison, a minor, and that as such guardian appellant had in his possession large sums of money, the property of his said ward for the use of his ward; that appellant did on said date fraudulently, unlawfully, feloniously, and willfully and with intent so to do take, steal, embezzle, and appropriate the sum of $1,050, the property of his said ward, to his own use and purpose; and that this was not done in the due and lawful execution of his trust, but was done with the intention of depriving his said ward of the same. Section 2612, Comp. Laws 1909, is as follows:

"If any person being a trustee, banker, merchant, broker, attorney, agent, assignee in trust, executor, administrator or collector, or being otherwise entrusted with or having in his control property for the use of any other person, or for any public or benevolent purpose, fraudulently appropriates it to any use or purpose not in the due and lawful execution of his trust, or secretes it with a fraudulent intent to appropriate it to such use or purpose, he is guilty of embezzlement."

We think that the information charges facts which bring the case clearly within the provision of the statute above quoted. The evidence amply sustains the verdict of the jury. The instructions of the court are correct, and the judgment in the case is regular. We believe the prosecution has been legally conducted, and the appellant has been justly convicted. We also feel that the laws for the protection of wards and widows cannot

be too strictly enforced. This is a duty which the courts owe to the dead as well as to helpless widows and orphans. The only thing about this case of which we do not approve is that the jury did not assess the punishment of appellant at a longer period of confinement in the penitentiary. If every man in Oklahoma who embezzles trust funds was sent to the penitentiary for the limit of the law, it would be one of the best things that could happen for the state.

The judgment of the lower court is therefore in all things affirmed.

ARMSTRONG and DOYLE, JJ., concur.