## TOM WYNNE *et al.* v. STATE.

No. A-1252.   Opinion Filed September 5, 1912.

(126 Pac. 266.)

1.   **APPEAL—Petition in Error—Filing.** A petition in error must be filed with the transcript of the record or case-made in order to perfect an appeal; and if a case-made or transcript of the record is filed without a petition in error, such filing will be a nullity, and such pretended appeal will be dismissed.

2.   **SAME—Costs—Deposit or Security.** It is the duty of parties desiring to take an appeal, to comply with the law with reference to making a deposit or giving a bond to secure the costs, and the clerk is not required to file any appeal until this is done, unless the appellant makes a legal showing that he is unable to comply with the law.

(Syllabus by the Court.)

*Appeal from Choctaw County Court;*
*W. T. Glenn, Judge.*

Tom Wynne and Tom Chambers were convicted of malicious mischief, and each fined $25, and they appeal. Dismissed.

*R. L. Evans,* for appellants.

*Smith C. Matson,* Asst. Atty. Gen., for the State.

FURMAN, P. J. The Attorney General has filed the following motion to dismiss this appeal:

"Because the record shows that this is an attempted appeal from a judgment of conviction of a misdemeanor rendered in the county court of Choctaw county, Oklahoma, on the 9th day of May, 1911, and the petition in error and case-made were not filed in this court until July 11, 1911, more than 60 days after the rendition of such judgment; no order having been made extending the time within which to file petitions in error and case-made in this court beyond the time allowed by law."

Counsel for appellants filed the following reply to the motion of the Attorney General to dismiss the appeal:

"That this case was appealed to this court from the county court of Choctaw county, Oklahoma, by transcript, and that the transcript, without the petition in error, was received by Hon. W. H. L. Campbell, clerk of this court, on or about the 6th day of July, 1911, within the time allowed by law in which to perfect this appeal; that the clerk of this court declined to file the transcript as of the date he received same, because the petition in error did not accompany the transcript, and because a cost deposit did not accompany said transcript, or a cost bond; and these defendants show to the court that a deposit was made as required by the clerk of this court, and also a bond for the costs of this case, on or about the 10th day of July, 1911."

The time allowed by the statute to perfect an appeal was not extended by the trial court, and expired on the 8th day of July, 1911. The right to appeal in a criminal case must be exercised as prescribed in section 6951, Comp. Laws 1909, which, among other things, contains the following:

"The plaintiff in error shall file with his petition in error a transcript of the proceedings containing the final judgment or order sought to be reversed, vacated or modified, or the original case-made, as hereinafter provided, or a copy thereof. The pl~, ~ in error shall attach to and file with the petition in error t' e original case-made, filed in the court below, or a certified t anscript of the record of said court."

A petition in error is necessary in order to bring a case up on appeal, and no transcript of the record or case-made can be legally filed, unless accompanied by a petition in error. According to appellants' own showing the petition in error in this case did not reach the hands of the clerk until two days after the time for filing the same had expired. The clerk of the court has no right to file a transcript of the record or case-made, unless accompanied by a petition in error. A case-made or transcript of the record, filed without a petition in error, is a nullity. It is also the duty of parties taking an appeal to comply with the law with reference to a deposit or a bond for security of costs, and unless this is done, or a showing is made that appellant is unable to comply with the law, the clerk should not file a transcript of the record or case-made, unless he desires to do so at his own cost. We therefore have no discretion, but must sustain the motion to dismiss the appeal.

The appeal is therefore dismissed.

ARMSTRONG and DOYLE, JJ., concur.