## JIM ROBERTS v. STATE.

No. A-1839.   Opinion Filed November 17, 1913.

(136 Pac. 201.)

1. APPEAL—Perfecting Appeal.  When an appeal is taken to this court from a judgment of the district court, it is the duty of counsel to attach a petition in error to the case-made and file briefs as provided by law and the rules of this court.

2. SAME—Perfecting Appeal—Disposition of Cause.  When an appeal is taken to this court from a judgment of the trial court, and no petition in error is attached to the case-made, and no briefs filed, and no appearance made for oral argument, such appeal may be either dismissed or the judgment affirmed in the discretion of this court, for the failure on the part of counsel to properly perfect and duly prosecute the appeal.

*Appeal from District Court, Jefferson County;*
*Frank M. Bailey, Judge.*

Jim Roberts was convicted of obtaining money under false pretenses, and appeals. Affirmed.

*P. T. Hamilton* and *J. H. Harper,* for plaintiff in error.

*Smith C. Matson* and *C. J. Davenport,* Asst. Attys. Gen., for the State.

ARMSTRONG, P. J. The plaintiff in error, Jim Roberts, was tried and convicted at the March, 1912, term of the district court of Jefferson county on a charge of obtaining money from the First National Bank of Ryan, Okla., under false pretenses, and his punishment fixed at imprisonment in the state penitentiary for a period of one year and one day.

A case-made was filed in this court on the 30th day of September, 1912. No petition in error was attached to this case-made at the time it was filed, and none has been filed since. No briefs were filed on behalf of the plaintiff in error, and no appearance was made for oral argument. The appeal has not been perfected as provided by law. It was therefore subject to dismissal upon motion of the Attorney General.

The transcript has been examined for fundamental errors. None appearing, the judgment of the trial court is affirmed, with directions to that court to cause the same to be enforced. Mandate is ordered forthwith.

DOYLE and FURMAN, JJ., concur.