Elmer RICHTER, Plaintiff in Error,

v.

STATE of Oklahoma, Defendant in Error.

No. A–12085.

Criminal Court of Appeals of Oklahoma.

Jan. 19, 1955.

Elmer Richter, pro se.

Mac Q. Williamson, Atty. Gen., for defendant in error.

JONES, Presiding Judge.

This is an attempted appeal by Elmer Richter from a conviction sustained in the District Court of Major County for the crime of abandonment of a minor child wherein Richter was sentenced to serve 4 years imprisonment in the penitentiary.

Judgment and sentence was pronounced on November 5, 1953. On May 3, 1954, just before the six months period elapsed for taking the appeal, the defendant filed a petition in error in the office of the Clerk of the Criminal Court of Appeals. There was no casemade nor transcript attached to the petition in error.

An appeal is perfected in this court by filing a petition in error with a duly certified case made attached to it, or by filing a petition in error with a duly certified transcript of the record attached. Davis v. State, 36 Okl.Cr. 432, 255 P. 156; Morrison v. State, 7 Okl.Cr. 242, 123 P. 169, 170.

In Morrison v. State, supra, this court stated:

"A case-made or transcript of the record, unless accompanied by a petition in error, will not present any question for our determination. A petition in error, unless accompanied by a transcript of the record or case-made, will be equally abortive in securing a decision by this court as to any question contained therein. The office of a petition in error is to bring to the appellate court the questions which the appellant desires to have decided. The office of a transcript of the record or case-

made is to present to the court in a properly verified manner the facts upon which the questions incorporated in the petition in error depend.

"A petition in error is a formal written request addressed to the appellate court asking it to review the alleged errors which it specifically points out. This court does not try cases de novo. We only consider such questions as are submitted to us by the petition in error. An appeal by petition in error is not a continuation of the old case. It is in the nature of a new suit brought to the appellate court to determine the issues stated in the petition in error. The petition in error is the pleading. The transcript of the record or case-made is the proof. They must correspond with each other. We think that the method of taking an appeal might be greatly simplified, but this court is not a forum for legislation, and must follow the rules of practice prescribed by the lawmaking power."

The time in which the appeal could be perfected has long since elapsed, 22 O.S. 1951 § 1054, and this court has not been vested with jurisdiction to determine the attempted appeal by reason of the failure of the accused to perfect his appeal in the time and in the manner provided by law.

By reason of the fact that the accused was incarcerated in the penitentiary and attempted to file this appeal in his own behalf, we undertook to determine more of the details concerning his conviction than was contained in the petition in error. We have been furnished with certified copies of certain of the instruments filed in the District Court of Major County and find that the accused was represented by counsel; that a motion for new trial was filed and overruled and no further steps were taken to perfect the appeal until after the petition in error had been filed in this court and then it was too late to prepare the case-made and have it filed because the six months period for taking the appeal had elapsed.

It would appear from the petition in error that the accused is complaining chiefly because of the excessiveness of punishment he allegedly received. The only avenue open to the prisoner is an application for clemency to the Pardon and Parole Board.

It is therefore ordered that the purported appeal in the above entitled and numbered cause be and the same is hereby dismissed.

POWELL and BRETT, JJ., concur.