Maurice F. HAMILTON, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13331.

Court of Criminal Appeals of Oklahoma.

July 31, 1963.

Rehearing Denied May 13, 1964.

Frank A. Greer, Thomas Dee Frasier, Tulsa, for plaintiff in error.

Charles Nesbitt, Atty. Gen., Charles L. Owens, Asst. Atty. Gen., Charles E. Norman, City Atty., and Hubert H. Bryant, Asst. City Atty., Tulsa, for defendant in error.

JOHNSON, Judge.

This is an attempted appeal by Maurice F. Hamilton, from a judgment and sentence of the Municipal Criminal Court of the City of Tulsa, Oklahoma, entered on November 9, 1962, wherein the plaintiff in error was convicted of the crime of actual physical control of a motor vehicle while under the influence of intoxicating liquor (47 O.S.A. § 11–902). Defendant was tried before a

jury, and a verdict of guilty was returned, fixing the penalty at a fine of $10, and ten days in the county jail.

On January 3, 1963 casemade and brief of the plaintiff in error were filed in this Court. Plaintiff in error did not file a petition in error, and did not attempt to file one until after the time for filing the appeal had expired.

In the early case of Edwards v. State, 2 Okl.Cr. 715, 103 P. 1072, this Court held:

"To perfect an appeal to this court the case-made or transcript of the record must be attached to, and accompanied by, a petition in error. If this is not done, the appeal will be dismissed."

In Wynne v. State, 8 Okl.Cr. 52, 126 P. 266 we held:

"A petition in error is necessary in order to bring a case up on appeal, and no transcript of the record or case-made can be legally filed, unless accompanied by a petition in error. According to appellants' own showing the petition in error in this case did not reach the hands of the clerk until two days after the time for filing the same had expired. The clerk of the court has no right to file a transcript of the record or case-made, unless accompanied by a petition in error."

See Roberts v. State, 10 Okl.Cr. 312, 136 P. 201 to the same effect; and Groves v. State, 13 Okl.Cr. 260, 163 P. 1112, wherein this Court held:

"A case-made or transcript of the record, filed without a petition in error, is a nullity, and this court being without jurisdiction to consider the cause, such attempted appeal will be dismissed."

■ In Davis v. State, 36 Okl.Cr. 432, 255 P. 156, we said:

"An 'appeal is perfected' in this court by filing a petition in error with a certified case-made attached to it, or by filing a petition in error with a duly certified transcript of the record attached. Where a case-made is filed with the clerk of this court without having attached to it a petition in error, and a petition in error is not filed and attached until the expiration of the time within which an appeal could be filed in this court, such attempted appeal is ineffectual, and this court does not acquire jurisdiction."

Casemade was filed in the Davis case on the last day allowed for filing the appeal, and petition in error was filed the next day. The Court held that the petition in error came too late, and the appeal was dismissed.

■■ In Richter v. State, Okl.Cr., 279 P.2d 376, this Court stated:

"An appeal is perfected in this Court by filing a petition in error with a duly certified case made attached to it, or by filing a petition in error with a duly certified transcript of the record attached. Davis v. State, 36 Okl.Cr. 432, 255 P. 156; Morrison v. State, 7 Okl.Cr. 242, 123 P. 169, 170."

"In Morrison v. State, supra, this court stated:

" 'A case-made or transcript of the record, unless accompanied by a petition in error, will not present any question for our determination. A petition in error, unless accompanied by a transcript of the record or case-made, will be equally abortive in securing a decision by this court as to any question contained therein. The office of a petition in error is to bring to the appellate court the questions which the appellant desires to have decided. The office of a transcript of the record or case-made is to present to the court in a properly verified manner the facts upon which the questions incorporated in the petition in error depend.

" 'A petition in error is a formal written request addressed to the appellate court, asking it to review the alleged errors which it specifically points out. This court does not try

cases de novo. We only consider such questions as are submitted to us by the petition in error. An appeal by petition in error is not a continuation of the old case. It is in the nature of a new suit brought to the appellate court to determine the issues stated in the petition in error. The petition in error is the pleading. The transcript of the record or case-made is the proof. They must correspond with each other. We think that the method of taking an appeal might be greatly simplified, but this court is not a forum for legislation, and must follow the rules of practice prescribed by the lawmaking powers.' "

Several other questions are raised in the briefs filed herein, but we do not consider it necessary to discuss them.

The purported appeal in the above styled and numbered case is dismissed.

BUSSEY, P. J., concurs.

NIX, J., not participating.