Jack David LOVE, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13435.

Court of Criminal Appeals of Oklahoma.

Sept. 18, 1963.

Jack David Love, pro. se.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

JOHNSON, Judge.

The plaintiff in error, hereinafter referred to as the defendant, and who is now confined in the state penitentiary at McAlester, has filed herein, without the aid of counsel, what he styles a petition in error. He attaches neither case made nor transcript of the record.

It would appear from the instrument filed, that the defendant was convicted in the district court of Tillman County, Oklahoma on March 23, 1963 on a charge of larceny of a motor vehicle after former conviction of a felony, and sentenced to ten years imprisonment therefor; and that on the same day he was tried and convicted on a charge of grand larceny after former conviction of a felony, and sentenced to five years in the penitentiary.

It seems that the defendant was tried by a jury, and from his statement: "Counsel for the defense strived for a legalistic formality and not a defense of substance, and therefore rendered plaintiff without able and competent counsel to defend him" it would appear that he was represented by counsel.

The Oklahoma statutes provide that an appeal to the Court of Criminal Appeals may be taken by a defendant as a matter of constitutional right from any judgment against him (22 Okl.St.Ann. § 1051), but this Court has repeatedly held that the time and manner of exercising that right is a proper matter for legislative control, and that the provisions of the statute governing such appeals are mandatory, and appeals must be taken and filed in the manner prescribed. Wyatt v. State, 81 Okl.Cr. 248, 162 P.2d 884; Woods v. State, Okl.Cr., 346 P.2d 950; Smith v. State, Okl.Cr., 359 P.2d 243; Walker v. State, Okl.Cr., 378 P.2d 783.

An appeal is perfected in this court by filing a petition in error with a duly certified casemade attached to it, or by filing a petition in error with a duly certified transcript of the record attached. Davis v. State, 36 Okl.Cr. 432, 255 P. 156; Morrison v. State, 7 Okl.Cr. 242, 123 P. 169, 170; Richter v. State, Okl.Cr., 279 P.2d 376.

The statute in force on the date of the rendition of the judgments and sentences herein complained of provided that appeals in felony cases must be taken within three months after the judgment is rendered. 22 Okl.St.Ann. § 1054.

It will thus be seen that the petition in error herein was not filed within the time provided by law to give this Court jurisdiction to decide such appeal; and further that neither case made nor transcript being attached to such petition in error, there is nothing before this Court for adjudication.

For the reasons stated, the purported appeal is dismissed.

BUSSEY, P. J., and NIX, J., concur.