Opal HONEYCUTT, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13414.

Court of Criminal Appeals of Oklahoma.

June 3, 1964.

Kenneth W. Lackey, Eufaula, for plaintiff in error.

Austin O. Webb, McIntosh County Atty., for defendant in error.

BUSSEY, Judge:

On the 6th day of August, 1963, there was filed in this Court, a petition in error, for and on behalf of Opal Honeycutt, with neither casemade nor transcript attached. Thereafter, and on the 7th day of November, 1963, a Motion to Dismiss was duly filed by the County Attorney of McIntosh County, Oklahoma, for and on behalf of the State of Oklahoma.

Thereafter, this matter was set for Oral Argument on the 1st day of April, 1964, and was submitted on the argument and briefs of the parties.

On the record before us, we are of the opinion that the Motion to Dismiss should be and the same is hereby sustained, for the reason that, no appeal was ever perfected by transcript nor casemade within the time allowed by law.

Title 22 O.S. (1961) § 1054, in force at the time this purported appeal was attempted, provides:

"* * * In felony cases the appeal must be taken within three (3) months after the judgment is rendered. * *"

■■ We have repeatedly held that, as stated in Love v. State, Okl.Cr., 385 P.2d 512.

"An appeal is perfected in the Court of Criminal Appeals by filing a petition in error with a duly certified casemade attached to it, or by filing a petition in error with a duly certified transcript of the record attached, within the time provided by statute."

"Where accused files in the Court of Criminal Appeals a petition in error, and neither casemade nor transcript of the proceedings is attached, there is nothing before the Court for adjudication."

See also: Davis v. State, 36 Okl.Cr. 432, 255 P. 156; Morrison v. State, 7 Okl.Cr.

242, 123 P. 169 & 170; Richter v. State, Okl.Cr., 279 P.2d 376.

For the reasons above set forth, this purported appeal is dismissed.

Appeal dismissed.

JOHNSON, P. J., and NIX, J., concur.