**Jack David LOVE, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**No. A–14779.**

Court of Criminal Appeals of Oklahoma.

Jan. 8, 1969.

Harrison Roe, Frederick, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Reid Robison, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

Plaintiff in Error, hereafter referred to as defendant, was tried by jury in the District Court of Tillman County for the crime of grand larceny, after former conviction of felony. The jury found him guilty on a two-stage trial and sentenced him to serve five years in the state penitentiary. Judgment and sentence was passed March 23, 1963. Since that time defendant has been incarcerated in the state penitentiary.

Defendant attempted to appeal his conviction to this Court, but on September 18, 1963 his appeal was denied because the statutory requirements had not been met, and this Court was denied jurisdiction to consider the appeal because it was not timely filed. See: Love v. State, Okl.Cr., 385 P.2d 512. Subsequent to that time however, the Legislature provided legislation permitting a post-conviction appeal when a defendant's constitutional rights had been denied him. Consequently, because defendant's right to appeal was not explained to him, he was granted this appeal on the basis of Wynn v. Page, 369 F. 2d 930 (10 Cir. 1966), and was granted casemade at State expense.

A severance was granted and this defendant was the only one of the three men who stood trial. The other two co-defendants entered pleas of guilty and received punishment less than that imposed on this defendant.

The facts briefly stated reveal that this defendant and two other men were charged with the theft of 2,835 pounds of copper wire valued at $1,264.41, which was the property of the City of Frederick. The three men were apprehended when they returned to recover the copper wire, which had been hidden in an open field several miles outside the City of Frederick. While the State offered testimony which indicated that defendant admitted his part in the crime, defendant testified that he did not participate in the actual taking of the copper wire, but his part concerned only the

return with the two other men to recover the wire left in the field.

■ Clearly the conflict in testimony was a question for the jury to resolve, and it did so against defendant. The jury returned both verdicts of guilty, and also set defendant's punishment at five years imprisonment.

■ In his brief, defendant's court appointed counsel argues but one proposition, that the sentence imposed is excessive. The contention of excessive sentence results from his comparison of the sentence imposed on defendant with those given the other two co-defendants, but as the Attorney General states in his brief, and citing Williams v. State of Oklahoma, 358 U.S. 576, 79 S.Ct. 421, 3 L.Ed.2d 516, in support thereof, "This is obviously irrelevant to the question of the excessiveness or propriety of the sentences given Jack David Love." We agree with the Attorney General's statement that the comparison has no validity. Likewise, we observe that defendant was given less than the maximum of ten years, which the jury could have imposed in defendant's case, and consequently the sentence is not excessive. See: Music v. State, Okl.Cr., 396 P. 2d 894 and Perrymore v. State, Okl.Cr., 366 P.2d 770.

■ We believe also that defendant's contention that he should have been granted credit toward fulfillment of his penitentiary sentence for time spent in jail, prior to being incarcerated in the state penitentiary, is without merit. Title 57 O.S. 1961, § 138, specifically provides that only those without prior convictions are entitled to receive "jail-time credit" toward fulfillment of their penitentiary sentence. Such is not defendant's case.

We are therefore of the opinion that the judgment and sentence imposed herein should be, and the same is therefore affirmed.

Affirmed.

NIX, P. J., and BUSSEY, J., concur.