RUBIN J. SIMPSON v. STATE.

No. A-9524. Aug. 11, 1939.
(93 P. 2d 541.)

Roy L. Sullivan, of Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess Pullen, Asst. Atty. Gen., for the State.

DAVENPORT, J.  The plaintiff in error, hereinafter referred to as the defendant, was by information charged with rape in the first degree, was tried, convicted, and sentenced to the state penitentiary for 99 years, and to pay the cost of the prosecution taxed at $134.97; and has appealed.

This is an appeal by transcript, which consists of the information and a copy of the minutes of the pleading or demurrer; second, a copy of the minutes of the trial; third, the charges given or refused and the indorsements, if any thereon; and fourth, a copy of the judgment.

The defendant in his petition in error assigns seven errors alleged to have been committed by the trial court. The errors assigned by the defendant will all be considered together as they relate to the action of the court in overruling the defendant's demurrer to the information.

It is argued by the defendant that the information is insufficient to charge an offense under the laws of our state.

The information charges the defendant with rape in the first degree, and alleges that he had formerly been convicted of a felony. This allegation in the information was evidently alleged to bring the charge against the defendant under the provisions of our statutes known as the Habitual Criminal Statutes, sec. 1817, O. S. 1931, 21 Okla. St. Ann. § 51, in order that should the defendant be convicted a greater penalty might be imposed upon him than would have been if he had not been previously convicted.

The defendant was found guilty as shown by the judgment of the court, and sentenced to serve a term of 99 years in the state penitentiary, and to pay the costs of $134.97.

The only question as shown by the transcript in this case that can be considered by this court is the question, Is the information sufficient to correctly advise the defendant of the charge against him?

In Scott v. State, 40 Okla. Cr. 296, 268 P. 312, in the first paragraph of the syllabus, this court said:

"An information is sufficient which informs an accused of the offense with which he is charged with such particularity as to enable him to prepare for his trial, and so defines and identifies the offense that, if convicted or acquitted, he will be able to defend himself against any subsequent prosecution for the same offense."

In Newman v. State, 44 Okla. Cr. 137, 279 P. 980, in the first paragraph of the syllabus, this court said that where an information alleges all the essential elements of the crime charged in plain, concise, and intelligent language, sufficient to apprise the accused of what he must be prepared to meet, it is good as against a demurrer.

The information in this case sufficiently advised the defendant of the crime charged against him, the name of

the injured party, and the date of the alleged offense; and while not a model information, it is sufficient to charge the offense of rape in the first degree against the defendant; and the court properly overruled his demurrer, and required the defendant to go to trial.

The defendant argued at length that when they filed a charge of rape in the first degree, the charging of a former conviction of a felony in the information amounts to charging two offenses, and that the former conviction should not have been included, as the charge in this case is one that is not included in the Habitual Criminal Statutes of the state of Oklahoma.

With this contention, this court cannot agree.

Section 2519, O. S. 1931, 21 Okla. St. Ann. § 1115, is as follows:

"Rape in the first degree is punishable by death or imprisonment in the penitentiary, not less than 15 years, in the discretion of the jury, or in case the jury fail or refuse to fix the punishment then the same shall be pronounced by the court."

The jury in this case could have imposed a sentence of 15 years upon the defendant if it found him guilty of rape in the first degree, and could have increased the punishment under the Habitual Criminal Statutes to any time less than death down to 15 years; or it could have found the defendant guilty of one of the minor included offenses of assault with intent to commit rape, or an attempt to commit rape, or an assault and battery, and could have imposed an increased penalty, if convicted, of any of the included offenses of rape in the first degree.

This being an appeal by transcript, there is no testimony before this court; and the court cannot say why the jury imposed the 99 years' penalty upon the defendant; but we feel at liberty to suggest and say that, judging from the penalty imposed, it must have been a vicious, willful, criminal outrage of the prosecuting witness. Tak-

ing the allegations in the information, the defendant is an habitual criminal, and such a criminal as should not be permitted to run at large, and to continue to commit the willful crimes which he is alleged to have committed.

The information was sufficient to put the defendant on his trial; and the allegation as to a former conviction was proper in order to bring the defendant under the provisions of the Habitual Criminal Statutes of this state.

Finding no error in the record, the judgment of the trial court is affirmed.

DOYLE, P. J., and BAREFOOT, J., concur.