## PERRY v. WATERS.

No. A-11908. April 29, 1953.

(256 P. 2d 1119.)

Clarence Perry, pro se.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for respondent.

JONES, J. This is an original action in habeas corpus instituted by the petitioner, Clarence Perry, for the purpose of securing his release from confinement in the penitentiary.

The verified petition alleges that petitioner is restrained by reason of a commitment issued by virtue of a judgment and sentence pronounced by the district court of Tillman county in case No. 1821 in said county, wherein the petitioner was sentenced to serve a term· of 10 years imprisonment in the penitentiary upon a plea of guilty to the crime of manslaughter on January 5, 1953.

The Attorney General has filed a demurrer to the petition. The petition was evidently prepared by an inmate of the penitentiary and is very poorly worded. It is difficult for us to understand just exactly the complaint which the petitioner is making but apparently his principal complaint is that the judgment and sentence was excessive under the facts. This is a question that may not be inquired into on habeas corpus, but is a question which may be considered on an appeal from a conviction.

On habeas corpus this court limits its inquiry to matters which are jurisdictional in their nature and will not lie to correct errors of law occurring at a trial. Since the pettion alleges that the judgment and sentence was rendered on January 5, 1953, the petitioner has six months from that date in which to complete his appeal to this court from said judgment. 22 O.S. 1951 § 1054. On an appeal the matters about which complaint is made could be presented and determined by this court.

The petition is denied.

POWELL, P. J., and BRETT, J., concur.