# WINCHESTER v. WATERS.

No. A-11977. Nov. 18, 1953.

(263 P. 2d 535.)

Fred Winchester, per se.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for respondent.

JONES, J. This is an original action in habeas corpus instituted by the petitioner, Fred Winchester, to secure his release from confinement in the State Penitentiary.

It was alleged in the petition that the petitioner was charged in the district court of Grady county in case No. 3680 and case No. 3682 with the crimes of burglary in the second degree and robbery with a dangerous weapon, respectively, and that on June 27, 1951, the petitioner entered a plea of guilty and was sentenced to serve a term of two years and ten years, respectively, said sentences to run consecutively. The petition further alleged that the petitioner was sixteen years old at the time he entered his plea of guilty and was unaware as to any rights he might be entitled to under the law, and entered his plea of guilty with the agreement with the county attorney that he would receive a lesser sentence than that which he received.

A rule to show cause was issued because of the seriousness of the allegations of the petition. However, the petition was unverified. At the time the case was assigned for hearing, there was no appearance on behalf of the petitioner and no cause given to the court by the petitioner or any one in his behalf as to why there was no evidence to offer in his behalf. The petitioner relied solely upon a letter attached to his petition which was written by the county attorney to the Pardon and Parole Board, in which the county attorney stated that the petitioner was represented by an attorney appointed by the court and that a plea of guilty was made to the two charges and that he advised the defendant and his counsel before the plea of guilty was entered that he would recommend a sentence of two years for burglary, which was the minimum, and ten years for the crime of robbery, and would further recommend to the court that the two sentences run concurrently. That after the pleas of guilty were entered, the county attorney made his recommendation in accordance with the agreement which he had with the defendant and his counsel, but the trial court refused to follow the recommendation. That although he assessed the penalty recommended by the county attorney, he refused to provide in the judgments that they run concurrently.

Petitioner has been confined in the penitentiary since the 27th of June, 1951. According to the response he has completed serving the two year term for burglary and is now serving the second term for robbery.

Since it is apparent from the letter of the county attorney, upon which the petitioner relies, that the petitioner had counsel to represent him and advise with him concerning the charges filed against him, the writ of habeas corpus must be denied. At no time did the petitioner ask permission to withdraw his plea of guilty and substitute a plea of not guilty, but according to the record before us, submitted without objection to the sentences which were pronounced by the court.

There being nothing before this court to show a lack of jurisdiction in the trial court to pronounce the sentences, the writ of habeas corpus is accordingly denied.

POWELL, P. J., and BRETT, J., concur.