Application of Elbert RIDDLE for Writ of Habeas Corpus.

No. A–12239.

Criminal Court of Appeals of Oklahoma.

Jan. 18, 1956.

Writ of Certiorari Denied March 26, 1956. See 76 S.Ct. 557.

1044

Elbert Riddle, McAlester, petitioner pro se.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for respondent.

POWELL, Judge.

Petitioner sets out that he is at this time incarcerated in the State Penitentiary at McAlester, serving a life sentence by reason of a. conviction in the district court of Comanche County where he had been charged with the crime of murder.

Petitioner sets out that the trial court did not have jurisdiction to enter the judgment rendered for the reason that allegedly the first day of trial only eleven jurors were selected, and the court recessed, leaving assumedly, the twelfth juror to be selected the following day. But the gist of the complaint is that the court abused its discretion in permitting the eleven jurors to separate during the night and go to their respective homes. It is claimed that the separation was over the objection of defendant.

If the jury was allowed to separate the court no doubt relied on Tit. 22 O.S.1951 § 853.

We note from the records of this court that the petitioner here was jointly charged with his sister, Maudine Virginia Riddle, with the crime of the murder of one Robert W. Henry. Maudine Viginia Riddle appealed her case to this court and raised the above question. See Riddle v. State, 92 Okl.Cr. 397, 223 P.2d 379, 380. In the fourth paragraph of the syllabus in that case we said:

"There is no statute requiring prospective jurors to be kept together overnight pending the selection of a Jury."

The complaint here involves an alleged error occurring during the trial of the case, and is properly a matter that should have been brought to this court by appeal, and can not be brought by habeas corpus. Ex parte Simmons, 96 Okl.Cr. 279, 252 P.2d 935. The province of habeas corpus proceedings is to inquire only into jurisdictional matters, and it can not be made to perform the office of an appeal. Ex parte Newman, 67 Okl.Cr. 401, 94 P.2d 556; Perry v. Waters, 97 Okl.Cr. 17, 256 P.2d 1119.

The burden is on petitioner in habeas corpus action to at least make a prima facie showing that his confinement is unlawful, and where facts stated in petition will not warrant petitioner's discharge, the writ will be denied. Ex parte Gray, 71 Okl.Cr. 123, 109 P.2d 513; Ex parte Linam, 71 Okl.Cr. 155, 109 P.2d 838.

The writ is denied.

JONES, P. J., and BRETT, J., concur.