In re Habeas Corpus of Nameon See BOLTON, Petitioner,

v.

H. C. McLEOD, Warden, Oklahoma State Penitentiary, McAlester, Oklahoma, Respondent.

No. A-12256.

Criminal Court of Appeals of Oklahoma.

Feb. 21, 1956.

Nameon See Bolton, pro se.

Mac. Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for respondent.

BRETT, Judge.

This is an original, unverified petition in habeas corpus, brought by Nameon See Bolton, petitioner, alleging he is being unlawfully detained and restrained of his liberty by H. C. McLeod, warden of the Oklahoma State Penitentiary, in McAlester. He alleges that the cause of said restraint is the judgment and sentence of the District Court of Tulsa County, Oklahoma, in a case styled State of Oklahoma v. Nameon See Bolton, No. 16,082. It appears the judgment and sentence was upon a charge

of murder allegedly committed on October 15, 1954, upon the person of Clinton Jones by means of shooting him with a certain automatic pistol. The petitioner alleges that the said judgment and sentence was unlawfully obtained upon the basis of false evidence, physical and mental duress, force, fear, and threats of the electric chair by the investigating officers and the county attorney, by means of which he was forced to plead guilty.

He alleges he was persuaded by his counsel if he did not plead guilty, he would probably go to the electric chair. He further alleges his counsel was incompetent and not interested in his welfare, but merely performed a distasteful duty and did not bother to challenge the information.

Moreover, he alleges that the trial court did not properly perform its duty as to the petitioner's rights, allowing highly prejudicial methods to be employed by the prosecuting authorities, and he contends that the punishment imposed was excessive. Based upon the foregoing allegations, petitioner prays that the writ of habeas corpus be issued in his behalf.

To this petition, the State filed its response alleging that the detention of Nameon See Bolton was predicated upon his plea of guilty to the charge of manslaughter and the trial court found him guilty of manslaughter in the first degree, and sentenced him to a term of 55 years in the State Penitentiary in McAlester. The State of Oklahoma denied all the material allegations in the petition set forth, specifically denying that he was the subject of threats or physical force at the hands of the investigating officers which compelled him to enter a plea of guilty to the charge of first degree manslaughter, and further denied that the petitioner was represented by incompetent counsel and that he was denied his legal and constitutional rights.

The petitioner demurred to the response of the State, and in addition to what he alleged in his petition, he asserted there was a promise by the prosecuting officers that he would receive not more than 5 years.

The allegations of the State's response is supported by photostatic copies of the appearance docket, the affidavit of J. Howard Edmondson, county attorney, and a statement of Honorable W. Lee Johnson, District Judge, who tried the case below.

The affidavit of Mr. Edmondson discloses that the defendant was represented by W. H. McClarin, the lawyer of his own choosing, and Quinn Dickason, public defender. Edmondson denies that the defendant was subjected to any force, duress, or threats at any time and alleges petitioner's plea of guilty was entered after being fully advised of all his rights, constitutional or otherwise.

The minutes of the court confirm the allegation, contended in the county attorney's affidavit, and support the statement of Judge W. Lee Johnson, to the effect that the defendant first entered a plea of not guilty to a charge of murder and proceeded to the trial of his case. It appears that veteran public defender, Quinn Dickason, had been representing the defendant prior to setting of the case, but before the case was called for trial, the petitioner had employed W. H. McClarin. Due to the fact that Dickason was familiar with the case, and by reason of the seriousness of the charge, Judge Johnson directed the defender to continue his representation of the defendant and to assist Mr. McClarin, which was entirely agreeable to Mr. McClarin, and apparently to the defendant.

Thereafter, it appears a jury was duly selected and sworn to try the issues of the case. Seven witnesses were sworn and testified for the State concerning the circumstances of the homicide. Whereupon, the State rested.

Thereafter, opening statement on behalf of the defendant was made, and two witnesses were called by the defendant, including himself, who testified at great length concerning the homicide, which was admitted by him. Thereupon, both sides rested.

The court recessed to prepare instructions. Before the instructions could be read to the jury, both defense counsel came to the judge's chambers where they informed the court they were fearful the defendant would receive the death penalty, because of the atrocious nature of the homicide and the defendant's own guilty

knowledge thereof. Counsel for the defendant also were fearful that in event the death penalty was imposed, it would be affirmed on appeal. The trial court being so advised, informed the defendant that if he desired to withdraw his plea of not guilty to murder and enter a plea of guilty to the included offense of first degree manslaughter, the same would be accepted by him, but in any event, the sentence imposed would be in excess of 50 years in the penitentiary. The record herein made discloses the defendant's counsel consulted further with the defendant, returned into court, and followed the procedure as herein before indicated. The trial court then inquired of the defendant if he personally desired to withdraw his plea of not guilty to murder and enter a plea of guilty to manslaughter in the first degree. His answer was in the affirmative. Formal time for sentencing being waived, the trial court fixed the defendant's punishment at 55 years in the penitentiary.

Furthermore, this record discloses, in regard to the petitioner's complaint, that he was coerced by the prosecutor and particularly, "that he was put in mental fear by the prosecuting attorney by threats of the electric chair," is without foundation. The trial judge specifically states that neither the county attorney nor any assistant of his participated in the proceeding by and between himself and counsel for the defendant. The foregoing conclusions are supported by the transcript of the proceedings had in the District Court of Tulsa County, Oklahoma.

The foregoing facts disclose there is no justification for the petitioner's allegation that he would receive only a five year sentence if he would change his plea of not guilty to murder and enter a plea of guilty to a charge of manslaughter.

Under the conditions herewith presented, we are of the opinion that the trial court did nothing to defeat its jurisdiction.

■ Where it appears the trial court had jurisdiction of the person of the defendant, jurisdiction of the subject matter, and authority under the law to pronounce judgment and sentence, relief by habeas corpus may not be had against such judgment and sentence. De Wolf v. State, 96 Okl.Cr. 382, 256 P.2d 191.

■ The question of whether a sentence was excessive under the facts may not be inquired into under habeas corpus, but is a matter to be considered only on appeal from the conviction. Perry v. Waters, 97 Okl.Cr. 17, 256 P.2d 1119.

■ It appears that this proceeding is resorted to as a substitute for an appeal. It has been repeatedly held that this is not the function of habeas corpus. Ex parte Conway, 97 Okl.Cr. 1, 256 P.2d 189; De Wolf v. State, supra; Ex parte Giles, 97 Okl.Cr. 292, 262 P.2d 909.

■ Moreover, where the record and evidence reveals that the judgment and sentence under which the petitioner is being held is not void, that relief may not be granted by habeas corpus. Ex parte Murray, 97 Okl.Cr., 14, 257 P.2d 327; In re Brewster, Okl.Cr., 284 P.2d 755. The judgment herein involved is not void.

■ To the question of the allegation that the defendant was represented by incompetent counsel, the charge is entirely lacking in support in the record. Moreover, it discloses that the trial court took precautions to assure that the defendant was adequately and properly represented by requiring the public defender to remain in the case to assist the counsel of the defendant's own choice, because of his familiarity with the case.

■ The function of the Criminal Court of Appeals under habeas corpus proceedings is not to determine the guilt or innocence of petitioner, but to determine whether he is being restrained of his liberty by due process of law and whether the court, which rendered judgment imposing sentence, was without jurisdiction. Winchester v. Waters, 97 Okl.Cr. 337, 263 P.2d 535.

■ We are of the opinion herein, that the petitioner was accorded due process in that the trial court did nothing during its proceedings to cause it to lose jurisdiction. The writ of habeas corpus is accordingly denied.

JONES, P. J., and POWELL, J., concur.