In the Matter of the Habeas Corpus of
**Charles B. SIMMONS, Petitioner.**

No. A–12450.

Criminal Court of Appeals of Oklahoma.

Oct. 23, 1957.

Charles B. Simmons, pro se.

Mac Q. Williamson, Atty. Gen., Owen J. Watts, Asst. Atty. Gen., for respondent.

PER CURIAM.

Charles B. Simmons has filed in this court a petition for a writ of habeas corpus seeking his release from prison. It is alleged that he is confined in the state penitentiary at McAlester by virtue of judgment and sentence of the District Court of Grady County, wherein petitioner entered a plea of guilty to two counts of armed robbery and was committed to the penitentiary to serve a term of 40 years on each count; said terms to run concurrently.

The petition evidently was prepared without the benefit of an attorney, and it is difficult to determine upon what grounds the petitioner complains, but from all indications, petitioner contends that the judgment and sentence of the court was excessive. That he was maneuvered into signing a statement attesting his guilt by the connivance of the county attorney and that his court appointed attorney owed his loyalty to the court and was no more than a legalistic formality and concludes his petition with a prayer to modify what he terms a cruel and unusual punishment.

To this petition, the Attorney General has filed his demurrer. This court has consistently adherred to the rule that on habeas corpus proceedings, it is limited in its inquiry to matters which are jurisdictional in nature and the writ of habeas corpus is not proper procedure to correct errors occurring at trial, including question as to excessive punishment.

In the case of Perry v. Waters, 97 Okl. Cr. 17, 256 P.2d 1119, this court said:

"Question of whether a sentence was excessive under the facts may not be inquired into on Habeas Corpus,

but is a matter to be considered on appeal from conviction."

Also, see Ex parte Billy, Okl.Cr., 266 P.2d 488.

The matters raised by the petitioner were clearly matters to be determined by an appeal and this court will not permit the writ of habeas corpus to lie as a substitute for appeal. Numerous cases decided by this court have so held. A more recent case, In re Riddle, Okl.Cr., 292 P.2d 1043, adequately states the rule:

"Writ of habeas corpus cannot be invoked for the purpose of reviewing acts of courts of record, when they act within their jurisdiction, nor can it be invoked for the purpose of correcting irregularities or error, or as substitute for an appeal."

We are not here presented with a situation whereby relief could be granted by way of habeas corpus, therefore, the writ is denied.