Application of Nathaniel DAVIS for Writ
of Habeas Corpus.

No. A–12826.

Court of Criminal Appeals of Oklahoma.

Jan. 6, 1959.

Nathaniel Davis, petitioner, pro se.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for respondent.

BRETT, Judge.

This is an original proceeding in habeas corpus brought by Nathaniel Davis, an inmate of the Oklahoma State Penitentiary, by unverified petition. In said petition he complains he is unlawfully confined in said penitentiary by virtue of a judgment and sentence made and entered against him on December 20, 1958, in the District Court of Logan County, Oklahoma, on a verdict of conviction upon a charge of burglary in the second degree after former conviction of a felony, for which he was sentenced to serve a term of ten years imprisonment.

Petitioner alleges the judgment and sentence to be void for numerous reasons, among which are: he was appointed an attorney against his wishes; he was denied his right of appeal by said attorney; denial by the court of his motion for new trial by reason of expiration of time therefor; his conviction was obtained by means of fraud in that certain witnesses were coerced into testifying against him, and other witnesses testified in a contradictory manner; failure of the court to call a certain requested witness; and that jurors

were allowed to roam the court room during the trial.

None of these alleged errors, if proven to be true, would afford a reason for this Court to hold the judgment and sentence to be void for the reason none· of them go to the jurisdiction of the trial court, but are matters which are properly raised on appeal. A writ of habeas corpus may not be resorted to as a substitute for an appeal, Ex parte Holder, 94 Okl.Cr. 270, 234 P.2d 958, for the inquiry in habeas corpus matters is limited to matters which are jurisdictional in nature and may not be used to correct errors of law occurring at the trial. Perry v. Waters, 97 Okl.Cr. 17, 256 P.2d 1119; In re Anderson, Okl.Cr., 344 P.2d 674. Where the court has jurisdiction of the person, jurisdiction of the subject matter, and authority under the law to pronounce the judgment and sentence imposed, and did nothing to lose jurisdiction, the writ of habeas corpus will be denied. In re Eidenmueller, Okl.Cr., 341 P.2d 920.

Such being the situation herein, the writ of habeas corpus is accordingly denied.

POWELL, P. J., and NIX, J., concur.