Billy Dee SHANE, Petitioner,

v.

H. C. McLEOD, Warden Oklahoma State Penitentiary, McAlester, Oklahoma, Respondent.

No. A–12635.

Criminal Court of Appeals of Oklahoma.

Feb. 25, 1959.

Billy Dee Shane, pro se.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for respondent.

POWELL, Presiding Judge.

Billy Dee Shane seeks release from the State Penitentiary at McAlester. He was sentenced on a plea of guilty for second degree burglary, conjoint, after former conviction of a felony in the district court of Tulsa County on May 8, 1957, to serve a term of ten years imprisonment. The term has not yet expired.

Petitioner for grounds of release alleges (1) that he was put in mental fear by both the prosecuting attorney and his court-appointed attorney by threats that if petitioner did not plead guilty and take the ten year sentence he would be given a longer sentence; (2) petitioner says that he was twenty years old at the time he was sentenced and "had only two previous convictions", one when he was sixteen years old, and one when he was seventeen; (3) that

the information is defective in that more than one offense is charged, and for such reason the information is void.

Petitioner prays that if he is not released the judgment be modified to seven years imprisonment.

The State has filed response, admitting petitioner's incarceration as alleged in his petition, but denying that he was put in mental fear either by the county attorney or by his court-appointed attorney. There is attached to the response an affidavit from Robert D. Sims, county attorney of Tulsa County, in which it is set forth that petitioner entered a plea of guilty in the district court of Tulsa County to three separate charges of burglary, second degree, after former conviction of a felony; that he was represented by the Public Defender, Fred Woodson; that District Judge Leslie Webb explained to petitioner his constitutional rights in open court prior to the plea of guilty and sentencing; that there was no coercion, duress or threats, and that Billy Dee Shane received the minimum sentence that could be imposed for a plea of guilty to the crime charged.

Petitioner has filed a demurrer to the response of the State, which must be overruled.

Petitioner admits that he had two convictions prior to the plea of guilty entered to the present charge. The complaint is that he knows of other persons who had previous convictions but who on committing an offense thereafter were not charged under the habitual criminal law. It is noted that there were three charges against the defendant, and that he was given the minimum sentence for the crime charged. No evidence has been submitted of any coercion. The court records and affidavit of the county attorney show the handling of the within case regular in every respect. The burden is on a petitioner to support his petition with proof. Ex parte Murray, 97 Okl.Cr. 14, 257 P.2d 327; Ex parte Burton, 96 Okl.Cr. 142, 250 P.2d 227.

In Simpson v. State, 67 Okl.Cr. 152, 93 P.2d 541, this Court held:

"The pleading in the information of a former conviction of the defendant on the charge of a felony does not amount to charging two offenses in the information."

■ See also Ex parte Bailey, 60 Okl. Cr. 278, 64 P.2d 278. And in Ex parte Burnett, 78 Okl.Cr. 147, 145 P.2d 441, this Court held that the writ of habeas corpus may not be used either before or after conviction to test the sufficiency of an indictment or information.

■ This Court has further held that a sentence may not be modified by habeas corpus proceedings, but only by appeal from the conviction. See Ex parte Billy, Okl. Cr., 266 P.2d 488; Perry v. Waters, 97 Okl.Cr. 17, 256 P.2d 1119.

The petition must, by reason of what has been said, be denied.

NIX and BRETT, JJ., concur.