**Oren D. MORGAN, Petitioner,**

v.

**Robert R. RAINES, Respondent.**

**No. A—13007.**

Court of Criminal Appeals of Oklahoma.

March 22, 1961.

Oren D. Morgan, pro se.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for respondent.

BUSSEY, Judge.

Petitioner, Oren D. Morgan, is currently imprisoned in the State Penitentiary at McAlester by virtue of a judgment and sentence rendered in the Superior Court of Garfield County on December 1, 1955, wherein he was charged by information with the crime of obtaining merchandise by false and bogus check after former conviction of felonies, and was found guilty by a jury who could not agree on the punishment. Judgment and sentence was fixed by the court at 15 years in the State Penitentiary.

Petitioner's first contention is that the punishment assessed by the court is excessive. The question of whether punishment assessed by the trial court was excessive is a matter to be considered only on appeal from a final judgment, and cannot be inquired into on habeas corpus. Perry v. Waters, 97 Okl.Cr. 17, 256 P.2d 1119; Bolton v. McLeod, Okl.Cr., 294 P.2d 586, 589.

The second contention of petitioner is that the information fails to set out in a clear manner a specific charge against him. Unless the information was fatally defective and wholly insufficient to confer jurisdiction upon the trial court to sentence petitioner for the crime alleged, this court will not interfere on habeas corpus to grant a release to a prisoner in the State Penitentiary because of the alleged defective information under which he was sentenced. Ex parte Brown, 77 Okl.Cr. 96, 139 P.2d 196; Cottrell v. McLeod, Okl.Cr., 342 P.2d 240. It is the opinion of this court that the information in the case at bar was not fatally defective and was sufficient to confer jurisdiction upon the Superior Court of Garfield County to sentence petitioner for the crime alleged in the information.

The third contention of petitioner is that the information by virtue of alleging four previous felony convictions was highly prejudicial to him and so inflamed the jury as to cause them to render an unjust verdict against him. Alleging and proving more than one prior felony conviction where an accused is charged with a crime after former conviction of a felony is proper under 21 O.S.1951 § 51 and does not constitute error. Solomon v. State, 79 Okl. Cr. 93, 151 P.2d 944; Carr v. State, 91 Okl.Cr. 94, 216 P.2d 333. In the latter case, 16 former felony convictions were alleged and proved, and this court held that it did not constitute error.

Whereas petitioner has failed to set forth facts sufficient to warrant issuance of a writ of habeas corpus, the petition should be, and the same is, hereby denied.

NIX, P. J., and BRETT, J., concur.