In re: **Habeas Corpus, Edgar Fred WHITEAKER.**

**No. A–13028.**

Court of Criminal Appeals of Oklahoma.
Sept. 13, 1961.

Ewing C. Sadler, McAlester, for petitioner.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for respondent.

BUSSEY, Judge.

Petitioner, Edgar Fred Whiteaker, an inmate of the State Penitentiary at McAlester, filed on March 23, 1961, this petition for writ of habeas corpus, directed to the Warden of the State Penitentiary, where he is confined, requesting that he be released therefrom because he is being illegally restrained of his liberties in that his confinement in said institution is illegal, unconstitutional, and without due process of law.

The petitioner presents the following points to this Court and submits that they are grounds for the relief sought.

1. The taking of property to be used as a means of escape does not constitute a charge of robbery with a dangerous weapon.

2. The warden of the State Penitentiary is without authority to assess punishment or designate term to be served, and when done by him it voids and sets aside the judgment and sentence imposed by the trial court.

3. The punishment assessed by the trial court was excessive.

The background and reasons for the confinement of this petitioner can be found

in the case of Ex parte Whiteaker, 88 Okl.Cr. 258, 202 P.2d 427, decided by this Court in 1949. In that application for writ of habeas corpus this Court held adversely to the petitioner. A reference to that case reveals that some of the matters raised in the present application were fully and completely dealt with. The facts have not changed except the prison record of the petitioner as presented to this court shows that on May 3, 1949, after the above case was decided the petitioner was paroled. Then in March, 1950, the parole was revoked and the petitioner was returned to the penitentiary. So it would appear that the recommendation made to the pardon and parole board by this Court was followed.

In reference to the Warden of the penitentiary being without authority to assess punishment we must agree with the petitioner. However, a change in clerical personnel and the subsequent correction of the records at the penitentiary has cured any error that might have existed without injury to petitioner. Initially the records showed that petitioner was serving two consecutive sentences of 25 years each. The records now correctly show that he is serving both sentences under one number but the time is figured as two separate sentences just as the trial court ordered. With deductions for time spent on leave and parole, the minimum release date is December 9, 1968.

In regard to the alleged excessive punishment assessed by the trial court this court has repeatedly held that the question of whether punishment assessed by the trial court was excessive is a matter to be considered only on appeal from a final judgment and cannot be inquired into on habeas corpus. Perry v. Waters, 97 Okl. Cr. 17, 256 P.2d 1119 and Bolton v. McLeod, Okl.Cr., 294 P.2d 586, 589.

In regard to the question of the property used as a means of escape and it not constituting a charge of robbery with a dangerous weapon we hold that in habeas corpus proceedings we will not make inquiry into whether or not if petitioner had proceeded to trial instead of pleading guilty the State would have been able to have established the corpus delicti. See Application of Brown, Okl.Cr., 297 P.2d 575, and Application of Degen, Okl. Cr., 359 P.2d 740.

Finally, where the Court of Criminal Appeals has denied an application for writ of habeas corpus, it will not ordinarily entertain subsequent application for such writ on the same grounds and facts, or any other grounds or facts existing when the first application was made. Hibbs v. Raines, Okl.Cr., 344 P.2d 672.

Therefore, for the reasons stated herein the writ applied for is hereby denied.

NIX, P. J., and BRETT, J., concur.