**Isacc J. HILL, Petitioner,**

v.

**Robert R. RAINES, Respondent.**

**No. A–13075.**

Court of Criminal Appeals of Oklahoma.

Sept. 20, 1961.

Isacc J. Hill, pro se.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for respondent.

BUSSEY, Judge.

Petitioner, Isacc J. Hill is currently imprisoned in the State Penitentiary at McAlester by virtue of a judgment and sentence rendered in the District Court of Oklahoma County on April 12, 1961, wherein he was charged by information with the crime of robbery with firearms and was found guilty and sentenced to 99 years.

Petitioner's first contention is that the verdict of the jury is vague and because of said vagueness is void on its face thus depriving the court of jurisdiction. We have carefully examined the certified copy of the jury verdict and find it regular in form and concise in language. This contention therefore is without merit.

Petitioner next contends that the punishment imposed by the jury is excessive. 21 O.S. § 801, provides as follows: "Any person or persons who, with the use of any firearms or any other dangerous weapons, attempts to rob or robs any person or persons, or who robs or attempts to

rob any place of business, residence or banking institution or any other place inhabited or attended by any person or persons at any time, either day or night, shall be guilty of a felony, and, upon conviction therefor, shall suffer punishment by death, or imprisonment, at hard labor, in the State Penitentiary, for a period of time of not less than five years, at the discretion of the Court, or the jury trying the same." This court has repeatedly held that the question of whether a verdict is excessive is a matter to be considered only on appeal from a final judgment, and cannot be inquired into on habeas corpus. Perry v. Waters, 97 Okl.Cr. 17, 256 P.2d 1119; Bolton v. McLeod, Okl.Cr., 294 P.2d 586, 589. For the reasons above set forth the writ is denied.

NIX, P. J., and BRETT, J., concur.