Delbert L. COX, Petitioner,

v.

R. R. RAINES, Warden, Oklahoma State Penitentiary, Respondent.

No. A–13113.

Court of Criminal Appeals of Oklahoma.

Jan. 31, 1962.

Delbert L. Cox, pro se.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for respondent.

BRETT, Judge.

Delbert L. Cox files his petition for writ of habeas corpus releasing him from confinement in the state penitentiary at McAlester, or that this court modify the sentence rendered against the petitioner.

Petitioner alleges that he entered pleas of guilty in two charges of burglary, second degree, filed against him in the district court of Pottawatomie County, Oklahoma, and on February 21, 1958 was sentenced to five years imprisonment in each of said cases, the judgments to run concurrently.

The Attorney General has filed a response on behalf of the Warden, to which he attaches photostatic copies of the judgments and sentences on the pleas of guilty; certificate of the court clerk as to the minutes of the court in said cases, and copy of petitioner's prison record.

As grounds for relief, petitioner states that he was not represented by counsel during the proceedings in the district court in which the judgments and sentences were pronounced, and that he entered pleas of guilty without knowledge of his legal rights, and that, therefore, the judgments and sentences are null and void and were entered without due process of law, citing in support of this contention the case of Ex parte Meadows, 70 Okl.Cr. 304, 106 P.2d 139.

The Meadows case is clearly distinguishable from the case at bar. In that case, the defendant was a minor, illiterate and inexperienced in court proceedings, and was charged with a capital offense. The writ was granted and the petitioner delivered back to the sheriff of the county where he had been sentenced, pending disposition of the case. Herein the record shows that the accused was twenty-one years of age, charged in two separate cases of burglary in the second degree, the maximum punishment for which is seven years in the penitentiary. (21 O.S.1951 § 1436) The judgment and sentence in each case recites:

"Now on this 21st day of February, 1958, the defendant, Delbert Cox, being present in open court in his own proper person and having been legally charged and arraigned and having plead guilty to the offense of burglary, second degree, committed in said county of Pottawatomie, State of Oklahoma, the defendant now appearing at the time appointed by the court for pronouncing judgment, and being informed by the court of the nature of the charge against him and his plea thereto, and upon being asked by the court whether he had any legal cause to show why judgment and sentence should not be pronounced against him, giving no good reason why judgment and sentence should not be pronounced against him, and none appearing to the court, the court does hereby adjudge the said defendant guilty of the offense charged in the information."

And in addition thereto, the judgment and sentence in the second case (#5576) recites:

"* * * for the term of five years to run concurrently with five (5) year sentence in case No. 5565, * * *."

The certificate of the court clerk shows that attorney John F. Booth, Jr., represented the defendant as his attorney at the time sentences were pronounced on

February 21, 1958 in both of said styled and numbered cases.

■ Where a disputed question arises as to what occurred upon the trial of one accused of crime, great weight will be given to the recitations of the minutes of the court proceedings as to what occurred. In re Application of Jones, Okl.Cr., 365 P.2d 833.

Petitioner further contends that the punishment assessed is extremely excessive for a "first termer", and prays that the court either grant his application for a writ of habeas corpus, or that the sentences be modified as to the punishment, citing Johnson v. State, 70 Okl.Cr. 322, 106 P.2d 128, in support of this contention.

The Johnson case was an appealed case, dismissed by this Court for the reason that the appeal was not taken within six months, as provided in felony cases, and has no bearing on the case at bar.

■ The respondent contends that the petitioner has failed to prove the allegations of his petition, and with this we must agree. In the habeas corpus proceeding of Russell, Okl.Cr., 354 P.2d 485, this Court said:

"Where a petition for habeas corpus is filed, burden is upon petitioner to sustain the allegations thereof and it is only when the record and evidence reveals that judgment and sentence under which petitioner is being held is void that relief will be granted by habeas corpus."

■ We have also held that the question of whether punishment assessed by the trial court was excessive is a matter to be considered only on appeal from a final judgment, and cannot be considered on habeas corpus, unless the sentence exceeds the limit provided by law. Perry v. Waters, 97 Okl.Cr. 17, 256 P.2d 1119; Bolton v. McLeod, Okl.Cr., 294 P.2d 586; Ex parte Whitaker, Okl.Cr., 364 P.2d 1118.

For the reasons stated, the petition for writ of habeas corpus is denied.

NIX, P. J., and BUSSEY, J., concur.