WILLIAMS, C. J., BLACKBIRD, V. C. J., and DAVISON, JOHNSON, JACKSON, IRWIN and BERRY, JJ., concur.

**Nathaniel DAVIS, Petitioner,**

v.

**Robert R. RAINES, Warden Oklahoma State Penitentiary, Respondent.**

No. A–13147.

Court of Criminal Appeals of Oklahoma.

Feb. 21, 1962.

Nathaniel Davis, pro se.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for respondent.

BUSSEY, Judge.

This is an original proceeding seeking a writ of error coram nobis brought by Nathaniel Davis, an inmate of the Okla-homa State Penitentiary. In said petition he complains that he is unlawfully confined in said penitentiary by virtue of a judgment and sentence made and entered against him on December 20, 1958, in the District Court of Logan County, Oklahoma, on a verdict of conviction upon a charge of burglary in the second degree after former conviction of a felony, for which he was sentenced to serve a term of ten years imprisonment.

An examination of the application discloses that the petitioner seeks to attack the validity of the judgment and sentence, which should be properly raised by an application for writ of habeas corpus. We will therefore consider this application as if it had been filed as an application for writ of habeas corpus.

Petitioner alleges the judgment and sentence is void for the following reasons:

1. That an attorney was appointed for petitioner which attorney the petitioner did not want and that the trial judge refused to dismiss such attorney and appoint another attorney for petitioner, and

2. That during the "court proceedings" the jury was allowed to "roam the halls and talk to witnesses in private."

A motion to dismiss the instant cause has been filed by the Attorney General of Oklahoma on the ground that the issues raised herein have been previously passed on by this court. See Application of Nathaniel Davis for Writ of Habeas Corpus, Okl. Cr., 348 P.2d 545.

An examination of the case above cited, discloses that most of the issues raised herein were raised and determined adversely to the petitioner.

This court has repeatedly held that:

"Where the Court of Criminal Appeals has denied application for writ of habeas corpus, it will not ordinarily entertain a subsequent application for such writ on same grounds and facts, or any other grounds or facts existing when first application was made, whether presented then or not." See Ap-

plication of Russell for Writ of Habeas Corpus, Okl.Cr., 363 P.2d 299; Hibbs v. Raines, Okl.Cr., 344 P.2d 672; Morgan v. Raines, Okl.Cr., 363 P.2d 300.

For the reason above set forth, we are of the opinion that the Attorney General's Motion to Dismiss should be, and the same is, hereby sustained.

Application dismissed. Writ denied.

NIX, P. J., and BRETT, J., concur.