Kenneth Ray WILKES, Petitioner,

v.

Robert R. RAINES, Warden Oklahoma State Penitentiary, Respondent.

No. A–13199.

Court of Criminal Appeals of Oklahoma.

June 6, 1962.

Kenneth Wilkes, petitioner, pro se.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for respondent.

BUSSEY, Judge.

Petitioner, an inmate of the State Penitentiary at McAlester, Oklahoma pleaded guilty in cases No. 26567 and No. 26568 in the District Court of Oklahoma County to the charge, in each case, of Forgery in the Second Degree. Thereafter, on the 5th day of October, 1960, he was sentenced to a term of five years in the State Penitentiary in each case, with the sentences to run concurrently.

In the habeas corpus proceeding brought herein by the petitioner, he alleges that the sentences imposed were gross, excessive and unreasonable for the reason that he was led to believe that he would receive a sentence of two (2) years if he would enter a plea of guilty in each of the said cases.

In Ex Parte Young, Okl.Cr., 325 P.2d 85, this court stated the rule which is applicable herein. In that case, the court said:

"Where the court which rendered the judgment and sentence had jurisdiction of the subject matter and of the person of the defendant and the judgment and sentence were within the jurisdiction of the court, the proper remedy to obtain appellate review of the facts to determine whether any error of law was made in the entry of judgment is by appeal to the proper reviewing court and not by writ of habeas corpus.

An examination of the record in the instant cause reveals that the trial court had jurisdiction of the person of the petitioner, jurisdiction of the subject matter, and the authority to pass the judgment and sentence rendered in Cases No. 26567 and No. 26568 in the District Court of Oklahoma County.

This being so, the petitioner cannot use a proceeding in habeas corpus to question the judgment and sentence of the District Court of Oklahoma County on the ground that the same was excessive. For, as the Court of Criminal Appeals has held in Morgan v. Raines, Okl.Cr., 360 P.2d 733, and many other cases:

"The question of whether punishment assessed by the trial court was excessive is a matter to be considered only on appeal from a final judgment, and cannot be inquired into on habeas corpus." See Hill v. State [Raines], Okl.Cr., 365 P.2d 173, Ex Parte Whiteaker, Okl.Cr., 364 P.2d 1118.

For the reasons above set forth, the application for Writ of Habeas Corpus herein should be, and the same is denied.

Writ denied.

NIX, P. J., and BRETT, J., concur.