Sanford Steave PLEASANT, Petitioner,

v.

The STATE of Oklahoma, and Ray Page, Warden, Oklahoma State Penitentiary, Respondents.

No. A–13459.

Court of Criminal Appeals of Oklahoma.

March 4, 1964.

Sanford Steave Pleasant, pro se.

Charles Nesbitt, Atty. Gen., Hugh Collum, Asst. Atty. Gen., for respondents.

BUSSEY, Judge.

On the 17th day of December, 1963, there was filed in this Court, an application for Habeas Corpus by Sanford Steave Pleasant who is confined in the State Penitentiary at McAlester, Oklahoma, by virtue of a Judgment and Sentence rendered against him in the District Court of Tulsa County, Oklahoma, where he was charged, tried and convicted of the offense of Uttering a Forged Instrument After Former Conviction of a Felony.

On the 17th day of December, 1963, this Court issued a Rule to Show Cause and thereafter on the 7th day of January, 1964, Respondent filed a response containing a demur to petitioner's application. This matter was set for Oral Argument on the 8th day of January, 1964, and was submitted on the record.

It is the sole contention of the petitioner that his conviction was based upon the erroneous admission into evidence of a certain forged instrument which was taken from his person as a result of an illegal search and seizure conducted by the arresting officers, who did not have a search warrant at the time of his arrest.

The Attorney General in his response urges that the application is insufficient as a matter of law to grant the relief prayed for, for the reason that petitioner does not allege that his arrest was illegal or that the arresting officers did not validly exercise their right to search his person as an incident to a lawful arrest.

While we are of the opinion that the Attorney General's position is correct and that petitioner does not allege sufficient facts as a matter of law to grant relief prayed for, we are of the further opinion that the petitioner is seeking to substitute Habeas Corpus for an appeal. Application of Davis, Okl.Cr., 348 P.2d 545; this Court said:

"Writ of habeas corpus may not be resorted to as a substitute for an appeal, * * * for the inquiry in habeas corpus matters is limited to matters which are jurisdictional in nature and may not be used to correct errors of law occurring at the trial."

And in Perry v. Waters, Okl.Cr., 97 Okl. Cr. 17, 256 P.2d 1119, this Court had this to say:

"On habeas corpus this court limits its inquiry to matters which are jurisdictional in their nature and will not lie to correct errors of law occurring at a trial." See also: In re Anderson, Okl.

Cr., 344 P.2d 674 and Application of Salisbury, Okl.Cr., 363 P.2d 380.

 On the record before us we are of the opinion that the court had jurisdiction of the person, subject-matter and the authority to pronounce the sentence imposed, and that allegations of the petitioner are insufficient as a matter of law to grant the relief prayed for.

For the reasons above set forth the Writ prayed for is Denied.

Writ denied.

JOHNSON, P. J., and NIX, J., concur.