Jessie **WILLIAMS, Jr., Petitioner,**

**v.**

**The STATE of Oklahoma, Respondents.**

**No. A–13502.**

Court of Criminal Appeals of Oklahoma.

May 6, 1964.

Jessie Williams, Jr., pro se.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondents.

BUSSEY, Judge.

The petitioner, Jessie Williams, Jr., was charged by information in the District Court of Tulsa County, with the crime of Burglary in the First Degree, was tried by a Jury who found him guilty and on the 12th day of June, 1963, Judgment and Sentence, fixing his punishment at Seven (7) Years confinement in the State Penitentiary at Mc-Alester, Oklahoma, was entered in accordance with the verdict of the Jury

No appeal was ever perfected to this Court within the time allowed by law. On the 25th day of March, 1964, petitioner filed in this Court an application for Habeas Corpus, seeking his release from the State Penitentiary at McAlester, on the grounds and for the sole reason that the sentence of Seven (7) Years is "cruel and unusual punishment". The petitioner urges that the term of Seven (7) Years is the maximum punishment that can be imposed for the crime of Burglary in the First Degree; this assertion is contrary to the statutes of Oklahoma. Title 21 O.S.1961 § 1436, provides:

"Burglary is punishable by imprisonment in the penitentiary as follows:

"1. Burglary in the first degree for any term not less than seven years nor more than twenty years.

"2. Burglary in the second degree not exceeding seven years and not less than two years. R.L.1910, § 2616."

Moreover we have repeatedly held that:

"The question of whether punishment assessed by the trial court was excessive is a matter to be considered only on appeal from a final judgment, and cannot be inquired into on habeas corpus." Morgan v. Raines, Okl.Cr., 360 P.2d 733; See also: Hill v. Raines, Okl.Cr., 365 P.2d 173; Perry v. Walters, 97 Okl.Cr. 17, 256 P.2d 1119;

And further in Farris v. State, Okl.Cr. 327 P.2d 706:

"The question as to whether or not the sentence imposed is cruel, excessive,

and unjust will not be considered by this court on a writ of habeas corpus, this being a question that could only be reviewed on appeal."

On the record before us, it appearing that the trial court had jurisdiction of the person, subject-matter and the authority to pronounce the sentence imposed, the relief prayed for should be and the same is hereby denied.

Writ denied.

JOHNSON, P. J., and NIX, J., concur.