**Lowell LINDSEY, Petitioner,**

v.

**STATE of Oklahoma, Respondent.**

**No. A–14979.**

Court of Criminal Appeals of Oklahoma.

Jan. 29, 1969.

Lowell Preston Lindsey, pro se.

G. T. Blankenship, Atty. Gen., H. L. McConnell, Asst. Atty. Gen., for respondent.

MEMORANDUM OPINION.

PER CURIAM:

This is an original proceeding in which Lowell Preston Lindsey, who is presently incarcerated in the Oklahoma State Penitentiary, has made application to this court for an appeal out of time and/or writ of habeas corpus. In support of his application Petitioner alleges (1) that he did not commit the crime charged and (2) that he was promised a five year suspended sentence by an unidentified police officer if he would enter a plea of guilty. He now requests that this court grant him a modification of his sentence on the basis of his allegation.

From the petition it appears that Petitioner entered a plea of guilty on February 23, 1962, to the crime of armed robbery and received a ten year suspended sentence in the District Court of Cotton County, Oklahoma. The suspended sentence was later revoked and Petitioner confined to the penitentiary. Thereafter the Petitioner was paroled, but Petitioner was subsequently returned to the penitentiary upon revocation of parole.

From a review of the petition it is apparent that Petitioner has alleged nothing which would justify the granting of a writ of habeas corpus or an appeal out of time as authorized by 22 O.S.Supp. 1968, § 1073. In order to justify the granting of an appeal out of time the Petitioner must show the denial of some right relating to the right to appeal his conviction. Petitioner has not alleged the denial of any rights relating to his right to appeal his conviction and accordingly an appeal out of time cannot be granted. It is Petitioner's request that his sentence be modified. However, it is a well established rule of this court that a sentence cannot be modified on application for writ of habeas corpus since the question of an

excessive sentence can only be considered on appeal. Williams v. State, Okl.Cr., 392 P.2d 65. Since the sentence imposed is within the statutory authorized punishment for conviction of armed robbery this court cannot consider the request to modify the sentence on application for writ of habeas corpus. Brown v. State, Okl.Cr., 423 P.2d 743.

For the foregoing reasons the application for writ of habeas corpus or appeal out of time is hereby denied. Writ denied.

This application was assigned to the Referee, Mr. Penn Lerblance, by the Presiding Judge of this Court. The foregoing findings of fact and conclusions of law were submitted by the Referee and approved and adopted by the Court.