**Oliver Junior HILL, Petitioner,**

v.

**Ray H. PAGE, Warden, Oklahoma State Penitentiary, and State of Oklahoma, Respondents.**

**No. A–14962.**

Court of Criminal Appeals of Oklahoma.

Feb. 5, 1969.

Oliver Junior Hill, pro se.

G. T. Blankenship, Atty. Gen., H. L. McConnell, Asst. Atty. Gen., for respondents.

MEMORANDUM OPINION

PER CURIAM:

This is an original proceeding in which Oliver Junior Hill, who is presently incarcerated in the Oklahoma State Penitentiary, has petitioned this Court for a writ of habeas corpus. Petitioner alleges that his present confinement is under authority of judgment and sentence imposed in the District Court of Tulsa County, Oklahoma, on May 9, 1968, on his conviction of second degree burglary after former conviction of a felony sentencing him to ten years imprisonment. Petitioner challenges the validity of the judgment and sentence on two grounds: (1) he entered his plea of guilty because of his fear that a life sentence might be imposed if he proceeded with a jury trial; (2) and that his sentence constitutes excessive punishment which violates the Eighth Amendment of the United States Constitution prohibiting cruel and unusual punishment.

The contention that if Petitioner had proceeded with a jury trial that a life sentence might have resulted does not constitute the use of coercion or fear to induce a plea of guilty and in the absence of further allegations we must presume the plea was voluntarily entered. Petitioner's allegation is insufficient to support a writ of habeas corpus. Shane v. McLeod, Okl.Cr.App., 335 P.2d 1093.

■ In regard to Petitioner's second contention that his sentence was excessive, it is noted that the sentence imposed was within the limit provided in the statutes of Oklahoma as punishment for the crime charged. 21 O.S.1961, § 1436. 21 O.S. Supp.1968, § 51. Since the punishment imposed was within the limits provided by the statutes of Oklahoma, Petitioner is without grounds to claim an excessive punishment. As this Court held in Williams v. State, Okl.Cr.App., 392 P.2d 65:

"The question as to whether or not the sentence imposed is cruel, excessive, and unjust will not be considered by this court on a writ of habeas corpus, this being a question that could only be reviewed on appeal."

For the foregoing reasons the application for a writ of habeas corpus is hereby denied. Writ denied.

This application was assigned to the Referee, Mr. PENN LERBLANCE, by the Presiding Judge of this Court. The foregoing findings of fact and conclusions of law were submitted by the Referee and approved and adopted by the Court.